SAENGER v. PROSKE et al.

No. 9898.

Court of Civil Appeals of Texas. Austin.

June 28, 1950.

Rehearing Denied July 12, 1950.

E. T. Simmang, Jr., and John S. Simmang, both of Giddings, for appellant.

C. C. Jopling, of La Grange and Thomas W. Thompson and M. F. Kieke, both of Giddings, for appellees.

HUGHES, Justice.

This is a garnishment suit, the background of which is found in our opinion in Albers v. Saenger, 222 S.W.2d 409, Writ Ref.N.R.E. In that case the trial court, on February 7, 1949, rendered a judgment in favor of Willie Saenger against E. G. Albers for $4,393.21, and for foreclosure of a vendor's lien on certain land which secured the payment of such sum. The foreclosure part of the judgment only was superseded. On appeal we affirmed the money judgment but denied foreclosure of the lien.

Saenger's application for writ of error in the above mentioned case was denied by the Supreme Court on October 5, 1949.

The three garnishments involved here were based upon the above money judgment and were sued out by appellant, Saenger, in June and July, 1949. The writ against garnishee M. F. Kieke was applied for on June 22, 1949, and was issued and served on the same day. Kieke answered on July 16, 1949.

The writs against garnishees A. W. Siegmund and G. P. Proske were applied for on July 6, 1949, and were issued and served on the same day. Siegmund answered on July 15, 1949, and Proske answered on July 22, 1949.

E. G. Albers and C. C. Jopling have intervened. Albers' defenses are the same as those of the garnishees and will be later discussed. Mr. Jopling claims an assignment of part of the funds held by garnishee Kieke.

All of the above matters were consolidated for trial. After a nonjury hearing the court concluded that:

"* * * as a matter of law that on the dates of issuance of the writs of garnishment involved herein, on the dates of the answers of the respective garnishees, and on the dates said garnishees had been directed to answer, the garnishees were not then indebted to nor did they hold in their hands property then due and payable to the judgment debtor, and that an uncertainty existed as to whether said property would ever be due and payable said judgment debtor.

"The Court therefore concludes that the garnisher should take nothing by virtue of his writs of garnishment."

Judgment was rendered accordingly; and in view of such judgment the intervention of Mr. Jopling was dismissed.

The three garnishments involve somewhat different facts and will be treated separately.

Garnishee Proske.

On October 28, 1948, appellee G. P. Proske purchased from E. G. Albers the lands involved in the Saenger-Albers foreclosure suit, and as part of the consideration he executed and delivered to Albers a vendor's lien note for $2,750. This note recited that it was "subject to the provisions of the agreement attached." This agreement reads as follows:

"Whereas, E. G. Albers et ux. have this day sold to Gerhard P. Proske a certain farm, consisting of 168 acres out of the M. Sparks survey in Lee County, Texas; and

"Whereas, there is a suit pending in the District Court of Lee County, Texas, between E. G. Albers et ux. and Albert Saenger being Numbered #———, the

**108**

purposes of which suit is to remove a cloud of title with reference to a note claimed to be owed by E. G. Albers et ux. to Saenger which note is purportly secured by a vendor's lien against the property aforesaid, and which note is barred by limitation and which property is the homestead of E. G. Albers et ux. and was at the time the lien was attempted to be created; now then

"As a part of the purchase price for the above described real estate, Gerhard P. Proske has executed the attached note, and it is here now agreed as follows:

"1. Said note is written to become due on or before one year after date; however if said suit is not completely adjudicated when said note becomes due, it shall automatically be extended to become due and payable 90 days after said suit is finally adjudicated including all appeals, etc.

"2. It is further agreed that should E. G. Albers et ux. lose said suit and the defendant prevail either in whole or in part, then Gerhard P. Proske or order or owner of said land, shall have the privilege of discharging said obligation to Saenger to the extent that he has a lien and take credit on this note to that extent, and if that lien should be to secure an amount greater than the attached note, the— E. G. Albers agrees and obligates himself to make good such greater amount.

"3. It is further agree— that E. G. Albers et ux. will not compromise this suit without the written consent of Gerhard P. Proske, and further that he will prosecute the same to final judgment and if he fails or refuses to do so, Gerhard P. Proske is hereby authorized and empowered to so prosecute the same in the name of and for E. G. Albers and Emma Albers, and charge attorney's fees and court costs, if any, against this note.

"4. This agreement is a part of the note to which it is attached and said note is not to be transferred or assigned.

"Edwin G. Albers
"Emma Albers."

█ This collateral agreement rendered the note nonnegotiable and it was, therefore, subject to garnishment. Neal v. Kurz, Tex.Civ.App., El Paso, 26 S.W.2d 478.

Appellee Proske relies upon the case of Alexander v. Berkman, Tex.Civ.App., Waco, 3 S.W.2d 864, 867, Writ Ref., where these rules were stated: "In order for a fund or liability to be subject to garnishment, the amount thereof must be capable of ascertainment at least at the time of the filing of the garnishee's answer. * * * There must be no condition precedent, no impediment of any sort between the garnishee's liability and the defendant in garnishment's right to be paid."

Applying these rules Proske contends that it was uncertain if Proske would ever be required to pay any part of the note, or if so what part.

We are unable to follow this reasoning. The amount of the note was definite and Proske's liability thereon was absolute. The only uncertainty which existed concerned the payee of the note. This was a matter which does not concern Mr. Proske so long as he is protected in the payment of his debt. He is fully protected because the only two persons who have any interest in the proceeds of this note, Mr. Albers and Mr. Saenger, are before the court. We are also unable to discern any impediment between the liability of Mr. Proske on the note and the right of Mr. Albers to be paid the amount it represents. The note was to be paid directly to Mr. Albers or upon an obligation for which he might be liable. In either event the note was to be paid for the benefit of Mr. Albers and this beneficial interest was unconditional.

Garnishee Kieke.

The controversy here is over $1,643.21 in cash owned by Albers and placed with and held by the garnishee under the following circumstances and conditions:

█ The judgment in the Saenger-Albers foreclosure suit was for $4,393.21. The difference between this amount and the amount of the Proske vendor's lien note ($2,750) was $1,643.21. Following the judgment of foreclosure it became apparent to Mr. Proske that the $2,750 note which he owed Mr. Albers was not sufficient to protect him fully against the judgment of

foreclosure on the property which he had purchased from Mr. Albers. Arrangements were therefore made by which Mr. Albers put in escrow (originally with a bank) the sum of $1,643.21 which Mr. Kieke had in his possession when the writ of garnishment was served upon him. The escrow agreement was to the effect that if the lien involved in the Saenger-Albers case was established by a final judgment then this money was to be paid to Mr. Proske "in order to protect him in his title to the property." If the lien was not so established then the money was to be repaid to Mr. Albers.

At the time Mr. Kieke filed his answer in garnishment the judgment in the Saenger-Albers case had not become final, although the final judgment in that case, later rendered, denied the existence of a valid lien.

We do not believe the lack of finality of the judgment in the foreclosure suit prevents subjecting the money held by Mr. Kieke to garnishment.

The facts here are not at all analogous to those found in Waples-Platter Grocer Co. v. Texas & P. Ry. Co., 95 Tex. 486, 68 S. W. 265, 59 L.R.A. 353. There one Downtain sued the railroad company and obtained a trial court judgment, from which the company appealed upon giving a supersedeas bond. Pending determination of the appeal Waples-Platter, in a suit for debt brought by it against Downtain, had a writ of garnishment issued and served on the railroad company. The Supreme Court held that the judgment in favor of Downtain was not subject to garnishment because it was not final at the time of the garnishment proceedings, and hence it was not then certain that the railroad company would ever be indebted to Downtain.

Similarly distinguishable is Alexander v. Berkman, supra.

Kieke's liability for the $1,643.21 was in nowise dependent upon the final outcome of the Saenger-Albers case. The money did not belong to Kieke. It belonged to Albers and it was to be either returned to Albers or paid to Proske (who in turn would owe it to Saenger) for Alber's

benefit, depending upon whether or not a lien was established in the other case.

Kieke's only concern is, as was Proske's, that he be protected in the payment of this money. He is fully protected since all parties having an interest in the money are before the court and will be bound by any judgment which is rendered.

■ ■ Before proceeding to the last garnishment we will notice the claim of intervenor Jopling. It is not disputed that Mr. Jopling was, in good faith and for a valuable consideration, assigned $500 of the $1,643.21, as attorney's fees, the assignment being prior to the garnishment proceedings. This assignment is enforceable since "the service of a writ of garnishment impounds only such debt or debts as the garnishee in fact owes to the defendant in garnishment at the time. It does not impound debts owed by the garnishee, which, prior to the service of the writ, have passed by valid assignment from the defendant to another. This is true, whether the garnisheeing creditor has any notice of the assignment or not." Adams v. Williams, 112 Tex. 469, 248 S.W. 673, 676.

Garnishee A. W. Siegmund.

■ Mr. Siegmund was clerk of the court in which the Saenger-Albers case was tried. Following the rendition of the foreclosure judgment in that case the court conducted a hearing for the purpose of determining the amount of bond required in order to supersede the foreclosure portion of such judgment. Rule 364, Texas Rules of Civil Procedure. The amount fixed was $300 and this amount, in cash, was deposited with the clerk by Mr. Albers.

This money was held by the clerk in his official capacity and when the garnishment proceedings were had the court had made no order concerning the disposition of these funds and they were, therefore, at such times in custodia legis and exempt from garnishment. 20 Tex.Jur., p. 741.

In accordance with the conclusions stated above it is ordered: that the judgment of the trial court be affirmed as to garnishee Siegmund; that the judgment of the

trial court in favor of garnishee Proske be reversed and judgment is here rendered that appellant recover of garnishee Proske the sum of $2,750; that the judgment of the trial court in favor of garnishee Kieke be reversed and judgment is here rendered that appellant recover of garnishee Kieke the sum of $1,143.21. The trial court's judgment dismissing the intervention of attorney Jopling is left undisturbed.

Affirmed in part and in part reversed and rendered.

### On Appellees' Motions for Rehearing.

The record shows that appellee Proske, subsequent to the service of the writ of garnishment upon him, made an agreement with appellee Albers renewing and extending the $2,750 note. This agreement is not binding upon Mr. Saenger, plaintiff in garnishment. Service of the writ brought this note into legal custody and the rights and obligations represented by it could not thereafter be altered or discharged to the detriment of the plaintiff in garnishment. To so permit would defeat the garnishment.

The motions for rehearing are overruled.

Overruled.