**HARRIS COUNTY et al., Appellants,**

**v.**

**E. Paul WILKINSON et ux., Appellees.**

**No. 962.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 27, 1974.

Rehearing Denied April 17, 1974.

Joe Resweber, County Atty., Billy E. Lee, Asst. County Atty., Houston, for appellants.

William E. Matthews, Sewell, Junell & Riggs, Houston, for Fidelity and Deposit Co. of Maryland.

David J. Beck, Jack E. Urquhart, Fulbright & Crooker, Houston, for appellees.

TUNKS, Chief Justice.

On July 28, 1970, American General Life Insurance Company filed an interpleader in the district court of Harris County. With the filing of such interpleader the life insurance company paid into court the sum of $29,979.49. On July 3, 1972, the parties to that suit announced an agreement to settle it, whereupon the court entered an agreed judgment dividing the money paid into court by the interpleader. Included in that judgment was the following paragraph:

It is further ORDERED, ADJUDGED and DECREED that Ray Hardy, District Clerk, pay to the defend-

ants, E. Paul Wilkinson and wife, Susan Wilkinson, all interest accruing on the sum of Twenty Nine Thousand Nine Hundred Seventy Nine and 49/100 Dollars ($29,979.49) from the date said sum was paid into the registry of this Court to the present date, after the District Clerk has deducted the necessary and reasonable expenses incurred in administering said sum.

The District Clerk, relying on Vernon's Tex.Rev.Civ.Stat.Ann. art. 1656a and sec. 4a of art. 2558a, declined to pay to the Wilkinsons any sum of money as representing the interest that had accrued. Harris County, the District Clerk, and the District Clerk's surety, Fidelity and Deposit Company of Maryland, were named as defendants. The plaintiffs and the defendants, Harris County and the District Clerk, filed motions for summary judgment. Pursuant to those motions the trial court rendered judgment that the Wilkinsons recover from Harris County the sum of $3,745.15, less the sum of $25 as representing the expense of the District Clerk in administering the fund. The trial court also granted the motion for summary judgment of the District Clerk. Harris County has appealed from the judgment against it, and the Wilkinsons have appealed from the judgment in favor of the District Clerk.

That portion of the summary judgment against Harris County is reversed and remanded. That portion of the summary judgment that the plaintiffs take nothing against the District Clerk is severed and affirmed.

Under the language of Article 1656a and section 4a of Article 2558a, Harris County is authorized to keep the interest earned by trust funds placed on time deposit "as an offset to the expenses of handling such trust funds for the benefit of litigants." That provision of those statutes was held unconstitutional in the case of Sellers v. Harris County, 483 S.W.2d 242 (Tex.Sup. 1972). There the Court said:

By depriving the owner of a sum not reasonably related to the value of the county's services in safeguarding and investing the principal, the statute offends Article 1, Section 19 of the Texas Constitution, Vernon's Ann.St. as well as the Fourteenth Amendment of the United States Constitution.

The plaintiffs have shown by summary judgment evidence that on July 30, 1970, two days after payment into court of the fund involved, Harris County deposited $100,000 in a time deposit which produced interest at the rate of $7\frac{3}{4}\%$. The evidence also shows the dates, amounts, and interest rates of various time deposits made by the County, up to the deposit made on July 13, 1972. From those figures the plaintiffs have calculated that the $29,979.49 deposited in the court on July 28, 1970, earned interest in the amount of $3,745.15. They took the deposition of Ray Hardy, District Clerk. They say that his deposition shows that reasonable accounting cost of handling the fund in the District Clerk's office is $25. They then argue that the summary judgment evidence shows as a matter of law that they are entitled to a judgment in the amount of the interest earned less the accounting cost of the District Clerk's office.

■ The plaintiffs' computation of the amount of the judgment to which they are entitled is erroneous. In the first place it is based upon the assumption that the entire sums deposited in the court by the interpleader was kept in interest-bearing time deposit. Such assumption is not justified. By the language of Section 4a of Article 2558a, the Harris County Auditor is entitled to withhold from the time deposit and place in a demand account a portion of the fund as being required to pay immediately all amounts ordered paid by the judge of the court in which the money was deposited. On July 30, 1970, the date of the first deposit made by the County after the fund was paid into court, a deposit of $33,782.71

was made in a demand account, as well as the $100,000 deposit to the time account. Whether any of the fund in question was deposited in the non-interest-bearing demand account, and if so, the amount so deposited, is not shown.                        .

In another respect the evidence does not establish as a matter of law, for summary judgment purposes, the amount to which the plaintiffs are entitled. It is apparent from the above quoted portion of the opinion in Sellers v. Harris County, *supra,* that the County is entitled to withhold a sum "reasonably related to the value of the county's services in safeguarding" the fund. Mr. Hardy's deposition may establish the County's expense through the District Clerk's office, but that is not the only expense of the County. There is expense with reference to the County Auditor's office, the County Treasurer's office, and perhaps in other areas of the County government. Those other expenses are not shown. The plaintiffs, therefore, did not show, as a matter of law, the amount of the judgment to which they were entitled. That was one of the essential elements of their cause of action as to which there were questions of fact. It was therefore error to grant their motion for summary judgment. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970).

■ The holding that the plaintiffs failed in their burden of proving the amount to which they were entitled necessarily presupposes that the plaintiffs had the burden of proving the reasonable value of the County's service in safeguarding and investing their money. While this was true when the plaintiffs were movants for summary judgment, it will not necessarily be true in a regular trial of the case. *See* Cheatwood v. Jackson, 442 S.W.2d 789 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n. r. e., Tex.Sup., 445 S.W.2d 513). The plaintiffs will not have the burden of proof on the issue of the reasonable value of the County's services on regular trial of this case. The County argues that

this amount can not be established because it has not kept separate records as to each of the many trust funds which it holds. That fact will not relieve the County of its burden. Restatement (Second) of Trusts sec. 172 (1959), states:

> Duty to Keep and Render Accounts
>
> The trustee is under a duty to the beneficiary to keep and render clear and accurate accounts with respect to the administration of the trust.

Comment b, thereunder, states:

> *Effect of failure to keep accounts.* If the trustee fails to keep proper accounts, he is liable for any loss or expense resulting from his failure to keep proper accounts. The burden of proof is upon the trustee to show that he is entitled to the credits he claims, and his failure to keep proper accounts and vouchers may result in his failure to establish the credits he claims.

■ The County also contends that the holding of the Sellers case, *supra,* should be applied only prospectively and not retrospectively. This position is untenable. The Supreme Court's holding that Articles 1656a and 2558a were unconstitutional insofar as they permitted a county to keep all of the interest earned on trust funds amounted to a holding that such provisions were void. Sharber v. Florence, 131 Tex. 341, 115 S.W.2d 604 (1938). The County may justify its failure to keep separate records as to each of the trust funds it held by reliance on those statutes, but such reliance will not justify the retention by the County of the earnings on the plaintiff's money.

■ The evidence conclusively establishes that Ray Hardy, District Clerk, has done all that was required of him under Article 2558a, sec. 11. He deposited the fund in question in the County Trust Fund within three days after it was paid into the court. He is not personally liable for the interest that was earned on the fund. The

suit against him and his surety is severed, and the trial court's summary judgment in their favor is affirmed.

The trial court's judgment against Harris County is reversed and remanded.