**HARRIS COUNTY, Appellant,**

v.

**E. Paul WILKINSON et ux., Appellees.**

**No. 1368.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 28, 1976.
Rehearing Denied Sept. 8, 1976.

Billy E. Lee, Asst. County Atty., Joe Resweber, County Atty., Houston, for appellant.

Jack E. Urquhart, David J. Beck, Fulbright & Jaworski, Houston, for appellees.

J. CURTISS BROWN, Chief Justice.

E. Paul Wilkinson and his wife, Susan Wilkinson (the Wilkinsons or appellees), filed suit against Harris County (the County or appellant) and others to recover interest on a sum of money awarded to the Wilkinsons some two years after it had been paid into the registry of the court pursuant to an interpleader suit. Prior to trial the defendants other than the County were severed from the case. Based on the jury's answers to four special issues, the trial court awarded the Wilkinsons interest on the sum of $22,485.00 at the interest rate of 6.25% per annum from July 30, 1970 through and including July 3, 1972. Harris County has perfected this appeal, thus continuing its efforts to avoid the thrust of *Sellers v. Harris County*, 483 S.W.2d 242 (Tex.Sup.1972).

This case has been before us previously, on appeal from the granting of a summary judgment. See *Harris County v. Wilkinson*, 507 S.W.2d 848 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.). The history of this litigation is concisely set out in that opinion:

"On July 28, 1970, American General Life Insurance Company filed an interpleader in the district court of Harris County. With the filing of such interpleader the life insurance company paid into court the sum of $29,979.49. On July 3, 1972, the parties to that suit announced an agreement to settle it, whereupon the court entered an agreed judgment dividing the money paid into court by the interpleader. Included in that judgment was the following paragraph:

'It is further ORDERED, ADJUDGED and DECREED that Ray Hardy, District Clerk, pay to the defendants, E. Paul Wilkinson and wife, Susan Wilkinson, all interest accruing on the sum of Twenty Nine Thousand Nine Hundred Seventy Nine and 49/100 Dollars ($29,979.49) from the date said sum was paid into the registry of this Court to the present date, after the District Clerk has deducted the necessary and reasonable expenses incurred in administering said sum.'

"The District Clerk, relying on Vernon's Tex.Rev.Civ.Stat.Ann. art. 1656a and sec. 4a of art. 2558a, declined to pay to the Wilkinsons any sum of money as representing the interest that had accrued. Harris County, the District Clerk, and the District Clerk's surety, Fidelity and Deposit Company of Maryland, were named as defendants. The plaintiffs and the defendants, Harris County and the District Clerk, filed motions for summary judgment. Pursuant to those motions the trial court rendered judgment that the Wilkinsons recover from Harris County the sum of $3,745.15, less the sum of $25 as representing the expense of the District Clerk in administering the fund. The trial court also granted the motion for summary judgment of the District Clerk. Harris County has appealed from the judgment against it, and the Wilkinsons have appealed from the judgment in favor of the District Clerk." *Id.* at 849–50.

That portion of the summary judgment that the Wilkinsons take nothing against the District Clerk was severed and affirmed. Finding that the Wilkinsons had not shown, as a matter of law, the amount of the judgment to which they were entitled, we reversed that portion of the summary judgment against Harris County and remanded the cause for a trial on the merits. The present appeal is from the judgment rendered pursuant to the verdict in that trial.

■ Appellant contends that there was no evidence to support the answers to any of the four special issues submitted to the jury. We will consider the first three issues together.

Special Issue No. 1 inquired as to the amount of the "Wilkinson Trust Fund" money that had been placed in an interest-bearing account; the jury answered "$22,485," or approximately 75% of the total Wilkinson Trust Fund. Special Issue No. 2 inquired as to the dates between which such money was in an interest-bearing account; the jury answered "7/30/70–7/3/72." Special Issue No. 3 inquired as to the rate of interest during such period of deposit; the jury answered "6.25%".

In answer to an interrogatory posed by appellees, appellant furnished a list showing all deposits it made between July 30, 1970 and July 13, 1972 transferring funds from its demand (non-interest-bearing) account to a time (interest-bearing) account. Also shown was the rate of interest at which each time deposit earned interest, as well as the amount left in the demand account after completion of each transfer.

The list showed that on July 30, 1970, two days after payment into court of the funds involved, appellant deposited $100,000.00 in a time deposit which produced interest at the rate of 7¾%. The list further showed that each deposit into the time account generally represented *at least* 75% of the total funds in the demand account at the time of that deposit. At one point less than three months after the Wilkinson Trust Fund money was paid into the registry of the court, the total book amount on hand in appellant's demand account dropped to under $3,000. The list also showed that during the period in question the rates of interest at which money was deposited in the time account averaged higher than 6.25%. Finally, the judgment awarding the fund and interest thereon to the Wilkinsons was signed on July 3, 1972. The evidence supports the findings of the jury that between July 30, 1970 and July 3, 1972, $22,485 of the Wilkinson Trust Fund was on deposit in a time account earning interest at the rate of 6.25%.

■ Special Issue No. 4 inquired as to the reasonable value of the County's services in safeguarding the Wilkinson Trust Fund;

the jury answered $140. In our first *Wilkinson* opinion, we concluded that

> "[t]he plaintiffs will not have the burden of proof on the issue of the reasonable value of the County's services on regular trial of this case. The County argues that this amount can not be established because it has not kept separate records as to each of the many trust funds which it holds. That fact will not relieve the County of its burden." 507 S.W.2d at 851.

See Restatement (Second) of Trusts § 172, comment *b* (1959).

Since appellant had the burden of proof on the issue of the reasonable value of its services, a "no evidence" point of error is improper and does not invoke our authority to review. See *Prunty v. Post Oak Bank,* 493 S.W.2d 645 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.).

■ Appellant continues to argue (as it did in the first *Wilkinson* case) that the amount of the reasonable value of the County's services in handling these funds could not be ascertained. We expressly held: "That fact will not relieve the County of its burden." Therefore, if there was "no evidence" to sustain the jury's answer of $140 to Special Issue No. 4, the County has failed to discharge its burden of proof and would not be entitled to *any* allowance for the reasonable value of its services. All of appellant's points of error have been considered and are overruled. The judgment of the trial court is affirmed.

Affirmed.