CITIZENS BANK AND TRUST COMPANY, PAMPA, Texas, Appellant,

v.

WY-TEX LIVESTOCK COMPANY, INC., Appellee.

No. 9215.

Court of Civil Appeals of Texas, Amarillo.

Jan. 21, 1981.

Rehearing Denied Feb. 11, 1981.

Gibson, Ochsner & Adkins, S. Tom Morris, Amarillo, for appellant.

Gassaway, Gurley, Sheets & Mitchell, Jody G. Sheets, Borger, for appellee.

DODSON, Justice.

In this ancillary garnishment proceeding, the Citizens Bank and Trust Company of Pampa, Texas, is the appellant and Wy-Tex Livestock Company, Inc. is the appellee. In the initial action in the 84th District Court for Hansford County, judgment was rendered for Wy-Tex against Cockrell Cattle Company, Inc. in the amount of $55,000 plus interest and costs of court. On 26 December 1978, Wy-Tex filed an application

for a writ of garnishment alleging that "International Cattle Systems and/or International Cattle Systems, d/b/a Grant County Feed Yard, a partnership, is indebted to COCKRELL CATTLE COMPANY, INC." by virtue of a lease agreement dated 12 April 1978, whereby Cockrell Cattle Company, Inc., leased a feed yard to International.

In its answer to the writ of garnishment, International alleged that it was current on the lease obligation, that it had no effects of Cockrell Cattle Company, Inc. in its possession, that it had no knowledge of other persons indebted to Cockrell Cattle Company, Inc., and that on 7 July 1978 all rents due and payable under the terms of the lease in question were assigned, conveyed and transferred to the Citizens Bank and Trust Company by the lessor. By subsequent pleadings, International alleged that the Bank and certain other parties were making adverse and conflicting claims to the rental payments due under the lease, and requested that the Bank and the other parties be joined in the garnishment action. Appearing in the action, the Bank claimed it was entitled to all of the rental payments due under the lease because of the 7 July 1978 assignment.

After a bench trial the Court concluded that, by virtue of the lease agreement, International had in its possession $39,372.04 owed to Cockrell Cattle Company, Inc. and that the Bank had no claim to such funds prior in right to the claim of Wy-Tex. The court rendered judgment in favor of Wy-Tex for such amount. Appealing from the judgment, the Bank contends that, as a prior assignee of the lease rental payments in question, it has a prior right to such payments, as a matter of law. Agreeing with the Bank's contention, we reverse and render.

Wy-Tex contends that the judgment should be affirmed because there is no evidence that "Gene O. Cockrell or Cockrell Cattle Co., Inc. owed the Bank anything either at the time of trial or at the time the writ of garnishment was served on ICS." The evidence shows that on 12 April 1978, Gene O. "Buddy" Cockrell, individually, and as president of Cockrell Cattle Company, Inc., a Texas corporation, leased to International Cattle Systems, d/b/a Grant County Feed Yard, a partnership, certain real property in Gray County, Texas, and a feedlot situated thereon. The real property is owned by Gene O. Cockrell. The lease term is for 24 months beginning on 15 April 1978 with an option to renew the lease "for two additional one year periods." The rental payments are due monthly in accordance with a formula based upon a minimum rental payment with additional fees determined by the number of head of cattle occupying the premises each day.

On 7 July 1978, Gene O. Cockrell and the Cockrell Cattle Company, Inc. assigned to the Bank "ALL RENT DUE AND PAYABLE UNDER THE TERMS OF [the lease in question]." In consideration for this assignment, the Bank loaned $300,000 to Gene Cockrell and Cockrell Cattle Company. The Bank notified International, the lessee, of the assignment. Thereafter, conforming to the terms of the assignment, International made rental payments due under the lease to the Bank. The assignment is an absolute rather than a collateral assignment. By the very terms of this assignment, the lessors transferred, conveyed and assigned to the Bank all rental payments due under the lease. Nowhere in the assignment is the right to collect the rental payments limited to or contingent upon nonpayment of the Bank's loan, or any other outstanding indebtedness due to the Bank from Cockrell.

■ The assignment is based on good and valid consideration and does not provide for or require a re-conveyance of the rental payments by the Bank after payment of the original $300,000 loan. Furthermore, there are no pleadings nor proof that the assignment was made without consideration or that the assignment was fraudulently made to or held by the Bank. Under these circumstances, the Bank has a valid, absolute assignment. To enforce the assignment against a subsequent garnishor, the Bank is not required to establish that the assignor is indebted to it at the time of trial or at the time the writ of garnishment was served on

the garnishee. *See Bennett Printing Co. v. Dines Bldg. Co.,* 84 S.W.2d 497, 499 (Tex. Civ.App.—Eastland 1935, writ dism'd); *see, e. g., Saenger v. Proske,* 232 S.W.2d 106, 109 (Tex.Civ.App.—Austin 1950, no writ). Accordingly, we overrule Wy-Tex's first contention.

■ Wy-Tex further maintains that the judgment should be affirmed because the Bank attempted to prove the assignment by using a photographic copy thereof without laying a proper predicate for the introduction of secondary evidence or offering a satisfactory explanation for the absence of the original. We disagree. Although Wy-Tex originally objected to the introduction of the photographic copy of the assignment on the ground that the original document was the best evidence, the record reflects that Wy-Tex withdrew and waived this objection.

Furthermore, the record shows that Mr. Cockrell, without objection, testified that the photographic copy introduced into evidence was a copy of the original assignment to the Bank. An official of the Bank testified, without objection, that Mr. Cockrell executed the original assignment to the Bank, that he directed a Bank employee to take the original assignment to the office of County Clerk of Gray County, Texas, for filing, that, prior to trial, he made a diligent search for the original assignment but was unable to locate it, and that the photographic copy was a copy of the original executed by Mr. Cockrell. Moreover, an official of International testified that International had notice of the assignment and thereafter paid subsequent rental payments to the Bank. Accordingly, we overrule Wy-Tex's contention that the Bank failed to prove the assignment in question.

In syllogistic form, Wy-Tex's major contention for affirmance is that under section 9.102(b) of the Texas Business and Commerce Code,[1] the assignment of the rental payments is a security interest; that under section 9.401(a)(3) of the Code, the Bank is

required to file a financing statement with the Secretary of the State of Texas to perfect any prior right to the rental payments in question or to preclude subsequent garnishment of such payments; that the Bank did not file such a financing statement with the Secretary of State; and that, because of its garnishment proceeding, Wy-Tex has a prior right to the rental payments in question. It is undisputed that the Bank did not file a financing statement with the Secretary of State and it does not so contend. However, the Bank maintains that section 9.104(10) of the Code excludes this assignment of the lease payments from the operative effect of chapter nine of the Code.

Section 9.102(b) provides:

(b) This chapter applies to security interests created by contract including pledge, assignment, chattel mortgage, chattel trust, trust deed, factor's lien, equipment trust, conditional sale, trust receipt, other lien or title retention contract and lease or consignment intended as security. This chapter does not apply to statutory liens except as provided in Section 9.310.

Section 9.104 provides, in pertinent part:
This chapter *does not* apply ... (10) ... to the creation *or transfer of an interest in* or lien on *real estate, including a lease or rents thereunder* ... (emphasis added).

In support of its position, Wy-Tex relies primarily on *United States v. PS Hotel Corp.,* 404 F.Supp. 1188 (E.D.Mo.1975), *aff'd per curiam,* 527 F.2d 500 (8th Cir. 1976). In that case, the court determined that a motel operator's charges for the use of rooms by its customers are accounts receivables rather than rent payments under a lease of an interest in real estate. *Id.* at 1192. Thus, in effect, the court determined that charges for rooms used by the motel's customers are not excluded from the operative effect of chapter nine of the Uniform Commercial

---

1. Unless otherwise indicated, all references are to Tex.Bus. & Com.Code Ann. (Vernon Supp. 1980–1981).

Code by section 9.104(10) We do not consider the court's determination in *PS Hotel Corp.* controlling or persuasive in the case before us.

■ In this instance, we reiterate that Gene O. Cockrell and Cockrell Cattle Company, Inc., as lessors, leased to International, as lessee, certain real property located in Gray County, Texas, including a feedlot situated thereon for a term of 24 months with a renewal option as provided therein. The lessors unconditionally assigned to the Bank all rents due and payable under the terms of the lease. Section 9.104(10) states that chapter nine of the Code does not apply to a transfer of an interest in real estate including a lease or rents thereunder. In Texas, a lease is an interest in real estate. *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 310 (1935). By using the words "including a lease or rents thereunder," the legislature made it abundantly clear that rents payable under a lease of real property were excluded from the operative effect of chapter nine of the Code. *See* In the *Matter of Bristol Associates, Inc.*, 505 F.2d 1056, 1064 (3d Cir. 1974).

■ In *Bristol*, the court construed Section 9–104(j) of the Pennsylvania Code, which is identical to Tex.Bus. & Com.Code Ann. § 9.104(10) and section 9–104(10) of the Uniform Commercial Code. The court concluded:

> [T]he drafters who wrote Article 9 and the legislators who enacted it into law intended section 9–104(j) to be interpreted sufficiently broadly to exclude the assignment of a lease and rents thereunder from the operation of Article 9. The burden of those who would propound a different view is to persuade the State Legislature. We should not usurp the legislative function.

*Id.* at 1064. Although we find no Texas cases construing section 9.104(10) of the Texas Code, we consider the court's determination in *Bristol* and its rationale persuasive in this instance. Accordingly, we overrule Wy-Tex's contention.

■ By its first point of error, the Bank maintains that the trial court erred in awarding the garnished fund to Wy-Tex because its prior right thereto was established as a matter of law. We agree. It is settled in Texas, as stated in *Adams v. Williams*, 112 Tex. 469, 248 S.W. 673, 676 (1923), that:

> The service of a writ of garnishment impounds only such debt or debts as the garnishee in fact owes to the defendant in garnishment at the time. It does not impound debts owed by the garnishee, which, prior to the service of the writ, have passed by valid assignment from the defendant to another. *This is true, whether the garnishing creditor has any notice of the assignment or not* (emphasis added).

*See also Saenger v. Proske*, 232 S.W.2d at 109. Accordingly, Wy-Tex's attempt to impound the previously assigned rental payments must fail.

In summary, we sustain the Bank's first point of error and its contention thereunder for reversal of the judgment. Further, we overrule Wy-Tex's contentions for affirmance of the judgment. Accordingly, the judgment of the trial court is reversed and judgment is rendered that Wy-Tex Livestock Company, Inc. take nothing by this garnishment proceeding and that the Citizens Bank and Trust Company, Pampa, Texas, have and recover the sum of $39,-372.04, which sum is now held in the Registry of the 84th District Court for Hansford County, Texas, pursuant to that court's order dated 7 May 1979. All costs of court are taxed against Wy-Tex Livestock Company, Inc.

COUNTISS, J., not participating.