

# THE ATTORNEY GENERAL
## OF TEXAS

**JIM MATTOX**
**ATTORNEY GENERAL**

April 23, 1990

Honorable Tim Curry
Criminal District Attorney
200 West Belknap Street
Fort Worth, Texas   76196-0201

Opinion No.   JM-1162

Re:  Status of trust funds held by a district clerk (RQ-1816)

Dear Mr. Curry:

You ask seven questions  about a district clerk's  duty in regard to funds held in trust by him until final disposition by a  court.  Your  first question is  "What funds  are included within the definition  of 'trust funds' in  chapter 117 of the Local Government Code?"

This office has  previously answered  this question  in Attorney General Opinion  H-183 (1973).   That opinion  considered the definition  of a  "trust fund"  for purposes  of article 2558A,  V.T.C.S. (now  found at  chapter 117,  Local Government Code).

We stated:

> A trust  is  an  equitable  obligation  under which the trustee  is required  to deal  with the trust  property for  the benefit  of  the beneficiaries who have  a vested interest  in the trust  funds.   Any  funds fitting  this definition are  trust funds and, if  in  the possession of the  county or district  clerk, may be deposited in the county depository for trust funds.
>
> . . . .
>
> We believe that any money deposited in  court to satisfy the result  of a legal  proceeding or to  await  the  result  of  a  legal  proceeding falls within the scope of § 11  (now, §§ 117.052, 117.053, Local Government Code).

Attorney General Opinion H-183 (1973) at 846, 848.

That opinion determined that civil court deposits, probate court deposits, and child support payments paid through the clerk's office would be classified as trust funds. You ask specifically about interpleader funds, supercedeas deposits, funds paid in satisfaction of judgments, cash bonds, minor's trust funds, and deposits in eminent domain proceedings.

Interpleader funds are, of course, deposited in a court to await the court's determination of ownership. Thus, interpleader funds are included in the scope of chapter 117. See Sellers v. Harris County, 483 S.W.2d 242 (Tex. 1972).

Similarly, supercedeas deposits are paid to suspend the execution of a judgment pending appeal, which is also a legal proceeding and thus within chapter 117 of the Local Government Code. See Saenger v. Proske, 232 S.W.2d 106 (Tex. Civ. App. - Austin 1950, writ ref'd).

Funds paid in satisfaction of judgments are paid as the result of a legal proceeding, and as stated in Attorney General Opinion H-183, those funds are included within the chapter 117 provisions of the Local Government Code. We note that funds paid in satisfaction of a judgment may not be paid into court without the order of the court. Iowa Mutual Ins. Co. v. Burmester, 313 S.W.2d 897 (Tex. App. - Houston 1958); Texas & P.R. Co. v. Walker, 57 S.W. 568 (Tex. 1900).

You ask about "cash bonds," which we understand to be cash deposited in lieu of bonds. These funds are, we think, generally of the same nature as interpleader funds and supercedeas deposits and, thus, fall within chapter 117 of the Local Government Code. See, e.g., Rules App. Proc. Rule 46(b).

We find no statutory provisions relating to "minor's trust funds." However, under the terms of chapter 142 of the Property Code, funds awarded to a minor or an incapacitated person who has no legal guardian are paid into the registry of court. Silber v. Southern Nat'l Life Ins. Co., 326 S.W.2d 715 (Tex. Civ. App. - San Antonio 1959, writ ref'd). These trust funds are also within the scope of chapter 117 of the Local Government Code. Any funds deposited with the clerk under this chapter are deposited under court order and may be invested for the benefit of the minor by order of the court. Prop. Code § 142.004. See McClendon v. Gahagan, 6 S.W.2d 796 (Tex. Civ. App. - Waco 1928, writ dism'd).

Eminent domain proceedings are also "legal proceedings," and cash deposited to reimburse a property owner

is generally included in chapter 117 of the Local Government Code. See City of San Antonio v. Burke, 65 S.W.2d 408 (Tex. Civ. App. - San Antonio 1933, no writ). However, the condemnor of real property may, under section 21.021(d), direct that the eminent domain deposit be placed in an account of its own choosing.

Your second through fifth questions regard the necessity of depositing trust funds in separate accounts or interest bearing accounts. Chapter 117 of the Local Govenment Code contains no express requirements that funds deposited in a court be placed either in separate accounts or in interest bearing accounts. Of course, the first duty of the clerk is to follow the instructions of the court that directed him to hold the funds. See McLennan Co. v. Amer. Nat'l Ins. Co., 457 S.W.2d 597 (Tex. Civ. App. - Waco 1970, writ ref'd n.r.e.). We note that the county commissioners court and the county auditor have some discretionary authority regarding funds held by the clerk for the benefit of others. The exercise of that authority could invest the clerk with additional duties in regard to those funds.

Section 112.002 of the Local Government Code permits a county auditor to require certain accounting procedures in regard to trust funds. As we noted in Attorney General Opinion H-183 (1973), "[t]he sheriff, district clerk and county clerk must deposit funds under procedures established by the county auditor." Conceivably, the county auditor could require that trust funds be placed in separate accounts "for the speedy and proper collecting, checking, and accounting" of the funds.

Similarly, section 117.051 permits the county commissioners court to require that funds held in trust be placed in time deposits. As it applies to county depositories, the term "time deposit" is defined simply as

> a deposit of funds subject to a contract between the depositor and the depository under which the depositor may not withdraw any of the funds by check or by another manner until the expiration of a certain period following written notice of the depositor's intent to withdraw the funds.

Local Gov't Code § 116.001(3). "Time deposit" is treated elsewhere as the equivalent of a savings account in a commercial bank and is defined by other authorities to mean, among other things, "cash in a bank earning interest." Black's Law Dictionary 1330 (5th ed. 1979). See also Attorney General Opinion M-468 (1969). The legislature, furthermore, anticipated that trust funds placed in time

deposits would earn interest. See Local Gov't Code § 117.054 (discussed below). A requirement that funds be placed in a "time deposit" would, we think, be a requirement that the funds generate interest.

You have indicated that in Tarrant County the commissioners court has not required that trust funds be left in time deposits under section 117.051 and that the county auditor has not promulgated regulations under section 112.002 regarding the deposit of such funds. We find no requirement in chapter 117 that trust funds either collect interest or that they be deposited in separate accounts. See Harris Co. v. Wilkinson, 507 S.W.2d 848 (Civ. App. - Houston [14th Dist.] 1974, writ ref'd n.r.e.). Nor do we find any such requirements in the statutes relating to the specific types of funds about which you ask. Thus, we believe that the clerk of court has no duty to deposit such funds in separate accounts or in interest bearing accounts, except as such duty may be imposed by the court or other authority. Our conclusion is buttressed by the fact that statutes that delineate the liability of county and district clerks in regard to their handling of trust funds deposited in court do not identify the failure to deposit in separate accounts or in interest bearing accounts as a source of liability for the clerks. Local Gov't Code §§ 117.081, 117.082; Civ. Prac. & Rem. Code § 7.002.

In your sixth question you ask:

> Does the county have the right to receive any interest accrued on any funds maintained by the District Clerk (i.e., is § 117.054 of the Local Government Code constitutional)?

Section 117.054 provides the following:

> (a) A county is entitled to receive a part of the interest earned on trust funds placed in time deposits under Section 117.051. The amount received by the county must be reasonably related to the accounting and administrative expenses incurred by the county in handling the funds.
>
> (b) The county auditor on behalf of the commissioners court or, if there is no county auditor, the county treasurer, shall deposit the amount of compensation in the general fund of the county.

Section 117.054 is derived from sections 4a and 4b of former article 2558a, V.T.C.S. Prior to recodification as

part of the Local Government Code, section 4a of article 2558a directed the commissioners court to receive all interest earned on the time deposits of trust funds and to deposit such interest in the general fund of the county "as an offset to the expenses of handling such trust funds for the benefit of litigants." Section 4b authorized the same with respect to accumulated interest derived from trust funds in the custody of the district or county clerk prior to the enactment of section 4a in 1959. These provisions were declared unconstitutional by the Texas Supreme Court in Sellers v. Harris Co., 483 S.W.2d 242 (Tex. 1972). The court held that the statute violated the due process guarantees of the state and federal constitutions because it deprived the owner of the trust funds of a sum that was not reasonably related to the value of the county's services in safeguarding and investing the funds. See also Webb's Fabulous Pharmacies v. Beckwith, 449 U.S. 155 (1980) (county's taking of interest accruing on interpleader fund deposited with court clerk in addition to fee charged for clerk's services violated Fifth and Fourteenth Amendments of U.S. Constitution). See also, United States v. Sperry Corp., 110 S. Ct. 387, 394 (1989) (user fee need not be precisely calibrated to the benefit received from governmental services).

The revisor's note to section 117.054 states that the Sellers opinion indicated that article 2558a was unconstitutional only to the extent that it deprives a person of due process and was still operable so long as the county received an amount reasonably related to the value of the county's services. The note cites Attorney General Opinion M-1198 (1972) as support for this reading of Sellers. Section 117.054, it is noted, was drafted to reflect the interpretation of article 2558a in Sellers.

With the constitutional infirmities of article 2558a removed, section 117.054 authorizes the county to receive an amount of the interest earned on trust funds that is reasonably related to the accounting and administrative expenses incurred by the county in the handling of the funds. However, as you note in your brief, section 117.054 must be read in conjunction with section 117.055 of the Local Government Code. The latter section provides:

> (a) To compensate the county for the accounting and administrative expenses incurred in handling the trust funds for the benefit of litigants in civil proceedings, the county may collect from the nonprevailing party in the litigation or from the party the court designates a fee in an amount set by the commissioners court, but not to exceed

$50.  The fee is in addition to any fees the district clerk collects as authorized by statute or court order.

(b)  The county treasurer shall deposit the fee in the general fund of the county.

Local Gov't Code § 117.055 (as amended by Acts 1989, 71st Leg., ch. 1, § 16, at 16).

On first reading, sections 117.054 and 117.055 appear to create a conflict. Section 117.054, on the one hand, authorizes a county to collect from accrued interest on trust funds an amount "reasonably related" to the county's "accounting and administrative expenses," while section 117.055 appears to limit the county's charge for "accounting and administrative expenses" to an amount not to exceed $50.

We do not believe there is any conflict between the two sections. Nor do we believe that the county is authorized to assess two charges for the same "accounting and administrative expenses." Rather, we can read the two statutes together by noting that the charge authorized by section 117.054 is limited to those funds deposited in time deposits as ordered by the commissioners court under section 117.051. With this reading, we avoid the constitutional problems found in Sellers, and in Webb's Fabulous Pharmacies. Furthermore, we give effect to both statutes.

As noted above, the Tarrant County Commissioners Court has not mandated that trust funds be deposited in time deposits under section 117.051. Thus, we believe that in Tarrant County, section 117.055 is the operative law for the assessment of fees for handling trust funds for the benefit of litigants. Of course, under that statute, it remains for the commissioners court to designate the fees.

Finally, you ask:

Can the District Clerk pass costs of establishing and maintaining trust funds back to litigating parties when the funds are paid out?

As noted above, the supreme courts of both Texas and the United States have implied that a county may collect a fee reasonably related to the costs of depositing and accounting for funds that are held in trust for others. See Sellers, supra; Webb's Fabulous Pharmacies, supra.

Section 117.054 of the Local Government Code entitles the county to receive a part of the interest accrued on time

deposits, and section 117.055 (as amended by Acts 1989, 71st Leg., ch. 1, § 16, at 16) allows the collection of a fee not to exceed $50 for handling trust funds for the benefit of litigants in civil proceedings. As we determined in Attorney General Opinion JM-434 (1986), the expense of handling the trust fund must have been incurred prior to the assessment of cost, which cannot be done until the outcome of the litigation. Attorney General Opinion JM-434 (1986).

## S U M M A R Y

The trust funds included in chapter 117 of the Local Government Code include, inter alia, civil court deposits, probate court deposits, child support payments paid through the clerk's office, interpleader funds, supercedeas deposits, funds paid in satisfaction of judgments, other cash deposits made in lieu of bonds, minor's trust funds, and eminent domain deposits. The district clerk is not required to invest these funds for interest or to deposit them in separate accounts unless so ordered by the court or other authority. The costs of establishing and maintaining these trust funds are properly assessed against the party that ultimately receives them or as directed by the court at the time the funds are paid to the owner.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General