**Harold SELLERS et al., Petitioners,**

v.

**HARRIS COUNTY, Texas, Respondent.**

**No. B–2892.**

Supreme Court of Texas.

May 31, 1972.

Rehearing Denied June 28, 1972.

Reynolds, White, Allen & Cook, Grant Cook, John L. Buvens, Houston, for petitioners.

Joe Resweber, County Atty., Billy E. Lee, Asst. County Atty., Houston, for respondent.

ON MOTION FOR REHEARING

REAVLEY, Justice.

The motion for rehearing is overruled since the judgment originally entered is not changed. The opinion delivered April 5, 1972 is withdrawn, and the following is delivered in its stead.

When trust funds are paid into court during litigation and invested at interest by the clerk or auditor, may the judge of that court direct the ultimate payment of the interest to the owner of the principal or, under existing statutes, must all interest be paid to the county? The trial court by its judgment in this case answered this question in favor of the owner of the principal. The court of civil appeals reversed and ordered payment of the interest to the county. 468 S.W.2d 950. We agree with the trial court.

North American Insurance Company filed suit in the district court of Harris County impleading Harold Sellers and Joyce Karback Watson who were adverse claimants to the proceeds of an insurance policy on the life of Thomas Douglas Watson, Jr., deceased. The net proceeds of the $1,000,000 policy were tendered and received in the registry of the court, and the insurance company was discharged from liability. A series of orders were entered by the trial judge to direct the handling of this money in a manner to assure that the ultimate victor in the litigation would also receive the interest earned during the time the money was in the court's charge. Since the size of the principal brought a return of approximately $6,000 each month, the matter attracted special attention.

Harris County, the District Clerk and County Auditor intervened in the cause to

assert that the statutes require that this money be deposited in the Harris County depository bank and that all interest accruing therefrom be paid into the general fund of the County. The claims of ownership of interest and of principal were severed by the trial court in order that the court could enter a final judgment in the cause involving the interest and in which Harris County, the District Clerk, and the County Auditor were parties. By this judgment the court declared that the proceeds of the policy were to be deposited in the Harris County depository bank and maintained in a separate account for the benefit of the ultimate victor in the contest between Sellers and Watson. The interest to be earned as provided in the contract between the county and the depository was to be retained for the benefit of the same party. At the conclusion of the litigation the trial court was to determine a reasonable fee to compensate Harris County for its accounting and administrative expenses incurred in handling the fund.

The contention by Harris County that it is entitled to all of the interest is based on the terms of Articles 1656a and 2558a, Vernon's Ann.Civ.Stats. Article 1656a is a general direction to the county auditor as to the accounting system and the handling of money collected by officers of the county. Such money is to be deposited in the county depository to "draw interest for the benefit of the county." Article 2558a is a comprehensive statute setting procedure and liability in the handling of trust funds in the possession of county and district clerks. It makes the county liable if funds on deposit with its designated depository are lost. The clerk is relieved of responsibility for the safekeeping of the funds so long as they are deposited in the legally selected depository. Sections 4a and 4b of Article 2558a direct the commissioners court of the county to receive the interest earned on the trust fund and to place that interest in the general fund of the county "as an offset to the expenses of handling such trust funds for the benefit of litigants."

The court of civil appeals has held that funds deposited in an interpleader suit are under the control of the court and subject to its orders, but that as soon as the district clerk receives these funds in his official capacity the statute makes it necessary that he place them in the county depository and that the interest must then be drawn for the benefit of the county.

■ The difficulty with this holding is that these funds are not owned by the county but are only held in trust for the litigant who establishes his right thereto. Article 2558a designates this money as "trust funds." The interest earned by deposit of money owned by the parties to the lawsuit is an increment that accrues to that money and to its owners. Lawson v. Baker, 220 S.W. 260 (Tex.Civ.App.1920, writ ref'd); Bordy v. Smith, 150 Neb. 272, 34 N.W.2d 331 (1948); Southern Oregon Co. v. Gage, 100 Or. 424, 197 P. 276 (1921).

■ Under Sec. 4a of Article 2558a all of the interest is taken from its owner and given to the county without any consideration of benefit to the owner or expense to the county. It is the position of Harris County that it now owns the $6,000 paid each month by the depository bank. If the litigation over the principal lasts as long as some lawsuits do, the County will profit enormously. This result is untenable so long as private property is constitutionally protected.

The Supreme Court of North Carolina had a similar question before it in McMillan v. Robeson County, 262 N.C. 413, 137 S.E.2d 105 (1964). The clerk was directed by statute to pay interest to the general fund of the county, but this clerk refused to do so and was upheld by the court on this ground:

"The earnings on the fund are a mere incident of ownership of the fund itself. The constitutional provision, Art. I, Sec. 17, that no person shall be deprived of his property 'but by the law of the land,' applies to the earnings in the same man-

ner, and with the same force, it applies to the principal." 137 S.E.2d 108.

By depriving the owner of a sum not reasonably related to the value of the county's services in safeguarding and investing the principal, the statute offends Article 1, Section 19 of the Texas Constitution, Vernon's Ann.St. as well as the Fourteenth Amendment of the United States Constitution. Myles Salt Co. v. Board of Commissioners, 239 U.S. 478, 36 S.Ct. 204, 60 L.Ed. 392 (1916).

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

The parties will have 15 days in which to file a second motion for rehearing.