

# The Attorney General of Texas

July 2, 1982

MARK WHITE
*Attorney General*

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
601 Elm Street
Dallas, Texas    75202

Opinion No. MW-481

Re: Disposition of interest on Law Enforcement Officer Standards and Education Funds and Criminal Justice Planning Funds

Dear Mr. Wade:

You present the following questions in your request for an Attorney General Opinion:

> 1. If Criminal Justice Planning Funds and/or Law Enforcement Officer Standards and Education Funds in the Dallas County No. 532 Escrow Fund are placed for investment while in the custody of Dallas County, does the interest earned on the funds belong to the state of Texas or Dallas County?

> 2. If the interest does belong to the state of Texas and is added to the amount of total funds to be reported and sent to the state of Texas at the end of each calendar quarter, may Dallas County use this total to determine its service fee for the quarter or must the interest earned be excluded from service fee calculations?

The Law Enforcement Officer Standards and Education Fund and the Criminal Justice Planning Fund are special funds required to be collected as court costs by article 4413(29aa), section 9B, V.T.C.S., and article 1083 of the Code of Criminal Procedure, respectively.

Custodians of the municipal and county treasuries are required to keep separate records of the amount of these funds on deposit. The funds are to be remitted to the comptroller of public accounts quarterly; however, the municipal and county treasuries are specifically authorized to retain ten percent (10%) of the collected funds as a service fee for such collection.

Interest held in trust by a county for another party is an increment that accrues to the owner. Sellers v. Harris County, 483

S.W.2d 242 (Tex. 1972).   See also Attorney General Opinions M-468 (1969); C-610 (1966).

In Lawson v. Baker, 220 S.W. 260, 272 (Tex. Civ. App. - Austin 1920, writ ref'd), the court stated that:

> Interest, according to all the authorities, is an accretion to the principal fund earning it, and, unless lawfully separated therefrom, becomes a part thereof.   We think it is clear that the interest earned by deposit of special funds is an increment that accrues to such special fund....  (Emphasis added).

Additionally, Attorney General Opinion MW-47 (1979) held that all interest earned by that portion of the fees collected by a county official that are to be paid to the state becomes part of the special fund and cannot be retained by the county.

Thus, the state of Texas is the owner of the special funds collected and is entitled to the accrued interest thereon.   However, the county may exercise the right, as specifically authorized by law, to retain ten percent (10%) of the special funds collected as a service fee.

In answer to your second question, both statutes provide that municipal or county treasuries may retain ten percent of the funds collected as service fees.   As owner of the ten percent service fee, the county is entitled to interest on that ten percent of the fund. See Attorney General Opinion MW-47 (1979).

### S U M M A R Y

> Interest earned by that portion of Criminal Justice Planning Funds and/or Law Enforcement Officer Standards and Education Funds not retained as a service fee as authorized by law, which is placed for investment while in custody of a county, becomes a part of these special funds and cannot be retained by the county.   The county is entitled to retain interest earned on its service fee.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Monroe Clayton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Monroe Clayton
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood