Mr. Curtis Tunnell Executive Director Texas Historical Commission P. O. Box 12276 Austin, Texas 78711
Dear Mr. Tunnell:
You have requested our opinion concerning the disposition of funds and property which have been raised by or donated to a county historical commission. You have asked the following questions:
1. Must donated funds be deposited with the county treasurer?
 2. Must the county commissioners court approve both the acceptance and subsequent disposition of donated real estate?
 3. Whether the county historical commission may maintain a separate bank account for money collected from fund raising events and whether the commission is required to report to the county treasurer of the use of such funds.
 4. Whether any interest earned on county historical commission funds, whether donated or earned, must be deposited with the county treasurer.
It is our opinion that a county historical commission acts as an agent of the county and all of its property and funds are county funds, including interest, which must be deposited with the county treasurer. Furthermore, the county commissioners court has exclusive authority to approve the acceptance of real property donated to the county historical commission and of its subsequent disposition.
A county commissioners court may, if it so desires, create and appoint the members of a county historical commission for the purpose of implementing such programs of a local historical nature as may be `suggested' by the commissioners court and the Texas Historical Commission. V.T.C.S. art. 6145.1(a). The county historical commission is required to meet at least annually and must prepare an annual report reflecting its activities and recommendations to the commissioners court. Id. at (b). The commission is required to `determine the existence of historical buildings and other historical sites, private collections of historical memorabilia, or other historical features within the county, and shall report the data collected to the Commissioners Court.' Id. at (c).
Article 6081e, section 1, V.T.C.S., provides that
 [a]ny county . . . may acquire by gift, devise, or purchase or by condemnation proceedings, lands and buildings, to be used for . . . historical museums, or lands upon which are located historic buildings, sites, or landmarks of state-wide historical significance . . . or any other archaeological, paleontological, or historical buildings, markers, monuments, or other historical features. . . .
A county historical commission is authorized only to make recommendations to the commissioners court concerning the acquisition of real and personal property of historical significance. V.T.C.S. art. 6145.1(e). Since article 6081e, quoted above, permits a county to acquire donated historical properties and since a county acts only through its commissioners court, it is our opinion that real property donated to a county historical commission must be accepted by the commissioners court before such donation takes effect. It follows that the commissioners court must approve the sale or other disposition of such real property. See V.T.C.S. art. 1577 (sale or lease of county real estate).
Any funds, earned or donated, including interest, which come into the possession of employees or agents of a county historical commissioner must be deposited with the county treasurer.
Article 1709, V.T.C.S., provides that
 [t]he County Treasurer, as chief custodian of county finance, shall receive all moneys belonging to the county from whatever source they may be derived; keep and account for the same in a designated depository or depositories.
See also V.T.C.S. art. 1709a (manner of making deposits with county treasurer). Therefore, the county historical commission is not authorized to maintain its own bank account for money received from fund raising events but must deposit the same with the county treasurer. Any interest earned on such funds follows the principal and must be used and managed in the same manner required for the principal. See Sellers v. Harris County,483 S.W.2d 242 (Tex. 1972).
 SUMMARY
The acquisition and control of the property and finances of a county historical commission is an authority to be exercised by the county commissioners court. Donated property must be approved by the commissioners court and any funds realized by the commission must be deposited with the county treasurer.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by David Brooks Assistant Attorney General