

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 31, 1996

The Honorable Tim Rodgers
Wise County Auditor
P.O. Box 899
Decatur, Texas 76234

Opinion No. DM-396

Re: Whether a justice of the peace may maintain a checking account, separate from the county treasury, into which he or she deposits hot check restitution and fines and related questions (RQ-809)

Dear Mr. Rodgers:

You have requested our opinion regarding several questions, all of which proceed from a common fact situation. You explain that the justice of the peace in your county maintains a "separate checking account" into which he deposits hot check restitution and fines. From your question, we perceive that the justice's separate checking account is outside the county treasury. The justice of the peace reimburses affected check holders and remits fines to the county treasurer.

You believe section 113.022 of the Local Government Code requires the justice of the peace to deposit hot check restitution and fines directly into the county treasury. You further believe that, if section 113.022 of the Local Government Code does not so require the justice of the peace, you may promulgate or readopt a rule, pursuant to section 112.001 of the Local Government Code, requiring the justice of the peace to deposit hot check restitution and fines directly into the county treasury. In essence, you ask us whether your assertions are correct.

We first wish to discuss the justice of the peace's collection of restitution, by which term we assume you mean the amount for which the dishonored check was written.[1] As we understand it, the justice deposits the restitution into a separate checking account, from which the justice reimburses each dishonored check holder. In Attorney General Opinion MW-222 this office considered whether the statutory predecessor of Government Code section 27.006 prohibited a justice of the peace from collecting restitution on dishonored checks. Attorney General Opinion MW-222 (1980) at 1. We believe your question provides an opportunity to reexamine this opinion.

---

[1]We assume the term "restitution" as you use it does not include the processing fee, not to exceed $25, that article 9022, V.T.C.S., authorizes the holder of a dishonored check to collect. Article 102.0071 of the Code of Criminal Procedure specifically authorizes a justice of the peace to collect from the defendant, in appropriate cases, and pay to the holder of a dishonored check the fee permitted by V.T.C.S. article 9022.

The statutory predecessor to section 27.006 of the Government Code, article 6252-24, V.T.C.S., upon which Attorney General Opinion MW-222 was based, deemed guilty of a misdemeanor any justice of the peace "who shall receive for collection or undertake the collection of any claim for debt of others," unless such collection was expressly provided by law. *Id.* Attorney General Opinion MW-222 (1980) at 1. Thus, "[a] violation occurs under article 6252-24 unless the justice of the peace is authorized by some other statute to act as a debt collector for private individuals." *Id.* The opinion found no statute that would "bring a justice's efforts to collect restitution under the 'processes of law' necessary to avoid the prohibition of article 6252-24." *Id.* at 2. Accordingly, the opinion concluded, a justice of the peace is unauthorized to collect restitution on behalf of the holder of a dishonored check. *Id.*

The substance of V.T.C.S. article 6252-24, now codified as Government Code section 27.006(a), has not changed since the issuance of Attorney General Opinion MW-222.[2] However, three years after the issuance of that attorney general opinion, the legislature added a new subsection (e) to section 32.41 of the Penal Code:[3]

> A person charged with [the offense of issuance of a bad check] under this section may make restitution for the bad checks. Restitution shall be made through the prosecutor's office if collection and processing were initiated through that office. In other cases restitution may, with the approval of the court in which the offense is filed, be made through the court, by certified checks, cashiers checks, or money order only, payable to the person that received the bad checks.

Act of May 28, 1983, 68th Leg., R.S., ch. 911, § 1, 1983 Tex. Gen. Laws 5050, 5050. On the floor of the senate, Senator Santiesteban explained that because, at that time, justices of the peace were unauthorized to collect restitution, a defendant who wished to

---

[2]Currently, section 27.006(a) provides as follows:

A justice commits an offense if the justice:

> (1) accepts for collection or undertakes the collection of a claim for a debt for another, unless the justice acts under a law that prescribes the duties of the justice; or

> (2) accepts compensation not prescribed by law for accepting for collection or undertaking the collection of a claim for debt for another.

A justice of the peace who commits an offense under section 27.006(a) may be convicted of a misdemeanor punishable by a fine of between $200.00 and $500.00, inclusive, and may be removed from office. Gov't Code § 27.006(b), (c).

[3]The text that had constituted section 32.41(e) of the Penal Code prior to 1983 was renumbered subsection (f) by the same bill that added the new subsection (e). *See* Act of May 28, 1983, 68th Leg., R.S., ch. 911, § 1, 1983 Tex. Gen. Laws 5050, 5050.

pay restitution in court could not do so. Debate on H.B. 1606 on the Floor of the Senate, 68th Leg. (May 26, 1983) (testimony of Senator Santiesteban) (tape available from Senate Staff Services Office). Furthermore, no statute then in existence provided for the issuers of bad checks to pay restitution. House Comm. on Criminal Jurisprudence, Bill Analysis, H.B. 1606, 68th Leg. (1983).

As enacted in 1983, therefore, section 32.41(e) of the Penal Code explicitly permitted the issuer of a dishonored check to restitute the amount of the dishonored check to its holder "*through* the court, by certified checks, cashiers checks, or money order only, payable to the person that received the bad checks." (Emphasis added.) Of course, the judge or justice of the peace presiding over the court in which the dishonored check charge was filed must consent to receive the restitution.

In 1989 the legislature amended section 32.41(e) by the passage of House Bill 803, which deleted the following language: "by certified checks, cashiers checks, or money order only, payable to the person that received the bad checks." *See* Act of May 20, 1989, 71st Leg., R.S., ch. 1038, § 1, 1989 Tex. Gen. Laws 4172, 4172. The author of House Bill 803, Representative Ovard, indicated that, despite the 1983 enactment of section 32.41(e), defendants often came to court with restitution checks made out to the court, not to the holder of the dishonored check. Hearings on H.B. 803 Before the House Criminal Jurisprudence Comm., 71st Leg. (Apr. 10, 1989) (testimony of Representative Ovard) (tape available from House Video/Audio Services Office). Because section 32.41(e) did not permit the court to accept the check unless it was made out to the dishonored check holder, the court would "send the [defendant] away to go get another one. Fifty percent never come back." *Id.* Representative Ovard apparently felt that by changing the law to permit restitution checks made out to the court, in addition to restitution checks made out to the dishonored check holder, the number of dishonored check holders who receive restitution would be increased. *Id.*

The enactment and amendment of section 32.41(e) of the Penal Code overrule the conclusion this office reached in Attorney General Opinion MW-222 (1980). We now conclude that, in accordance with section 32.41(e), a justice of the peace may consent to receive restitution on behalf of the holder of a dishonored check in a case filed in the justice's court. Significantly, the payment of restitution must be made "through," not "to," the justice of the peace, that is, the money never loses its character as belonging to the holder of the dishonored check.

If the defendant in a dishonored check case makes a check payable to the court, not to the holder of the dishonored check, we believe we must examine chapter 113, subchapter B of the Local Government Code to ascertain whether it controls disposition of the funds. Section 113.021(a) requires a county officer who collects fees, commissions, funds, and other money "belonging to a county" to deposit the money with the county treasurer in accordance with any applicable procedures the county auditor has prescribed under Local Government Code section 112.001 or 112.002. The county treasurer in turn

will deposit the money in the county depository in a special fund to the credit of the collecting officer. Local Gov't Code § 113.021(b).

Restitution that a justice of the peace receives pursuant to section 32.41(e) of the Penal Code merely passes "through" the court. The restitution clearly does not belong to the county; rather, it belongs to the holder of the dishonored check. Consequently, restitution received under section 32.41(e) of the Penal Code is not "money belonging to a county" for purposes of section 113.021 of the Local Government Code.[4] The justice of the peace need not, therefore, deposit the money with the county treasurer.

We do not believe section 113.022 of the Local Government Code is inconsistent with our conclusion. Section 113.022 requires a "county officer who receives funds" to deposit "the funds with the county treasurer on or before the next regular business day after the date on which the funds are received." If the county officer fails to meet this deadline, however, section 113.022 provides that the officer "must deposit the funds . . . on or before the seventh business day after the day on which" the officer received the funds. Section 113.022 permits that commissioners court of a county with fewer than 50,000 inhabitants to "extend the period during which" the officer must deposit funds with the county treasurer, "but the period may not exceed" thirty days after the date the officer received the funds.

We believe section 113.022 applies to the deposit of county funds only. In 1985 the legislature inserted into V.T.C.S. article 1709a, section 2, one of the statutory predecessors to section 113.021, the material that is now in section 113.022. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 145, § 1, 1985 Tex. Gen. Laws 669, 669-70. After the 1985 amendment, article 1709a, section 2 provided in pertinent part as follows:

> The County Treasurer in each county of this State shall receive all moneys belonging to the county from whatever source they may be derived. A county officer who receives funds shall deposit them with the County Treasurer or his successor not later than the next regular business day after the day on which the funds are received, but in no event shall deposits be made later than seven business days after receipt of said funds with [one] exception . . . .

Any modifications to the material now in section 113.022 made during the 1987 codification are nonsubstantive. *See* Act of May 1, 1987, 70th Leg., R.S., ch. 149, caption, 1987 Tex. Gen. Laws 707, 707. Accordingly, we construe the material now in

---

[4]*Cf. Harris County v. Sellers,* 468 S.W.2d 950, 955 (Tex. Civ. App.--Houston [1st Dist.] 1971), *rev'd on other grounds,* 483 S.W.2d 242 (Tex. 1972) (concluding that legislature enacted statutory predecessors to Local Government Code sections 112.002 and 113.021(a) to apply to "all funds, including those belonging to individuals," county officer receives). The court in *Harris County* explicitly limited its holding "to funds deposited in a court pursuant to interpleader where with regard to the protection and custody of the fund the court is authorized to exercise its constitutional equitable power." *Id.* at 958.

section 113.022 to refer only to funds belonging to the county, even though section 113.022 does not explicitly limit its scope in such a way.

We also conclude the county auditor may not, under section 112.001 of the Local Government Code, regulate the justice of the peace's collection or deposit of restitution the justice received pursuant to section 32.41(e) of the Penal Code. Section 112.001 of the Local Government Code authorizes the county auditor of a county with a population less than 190,000 to adopt rules and regulations "that the auditor considers necessary for the speedy and proper collecting, checking, and accounting" of county funds.[5]   In Attorney General Opinion JM-1263 this office determined that the grant of authority provided by section 112.001 extends "only over funds that 'belong to the county.'"[6] Attorney General Opinion JM-1263 (1990) at 2.   We already have determined that restitution a justice of the peace receives pursuant to section 32.41(e) of the Penal Code does not belong to the county for purposes of section 113.021(a) of the Local Government Code.   We likewise conclude that such restitution does not belong to the county for purposes of section 112.001 of the Local Government Code.

In sum, sections 113.021 and 113.022 do not apply to a justice of the peace who receives restitution on behalf of a dishonored check holder pursuant to section 32.41(e) of the Penal Code.   We are unaware of any other statute that dictates how a justice of the peace should handle such restitution.[7]   Furthermore, section 112.001 does not authorize the county auditor of a county with a population less than 190,000 to regulate the "collecting, checking, and accounting" of restitution a justice of the peace receives under section 32.41(e) of the Penal Code.   We conclude, therefore, that nothing precludes the

---

[5]You indicate that section 112.001 of the Local Government Code applies to the Wise County Auditor.   In contrast to section 112.001, section 112.002 of the Local Government Code provides that the county auditor of a county with more than 190,000 residents may adopt regulations "that the auditor considers necessary for the speedy and proper collecting, checking, and accounting of the revenues and other funds and fees that belong to the county or to a person for whom a . . . county officer . . . has made a collection or for whose use or benefit the officer holds or has received funds."   We do not consider in this opinion whether the county auditor of a county with more than 190,000 residents may regulate a justice of the peace's collection, checking, and accounting of restitution the justice receives under section 32.41(e) of the Penal Code.

[6]Attorney General Opinion JM-1263 concluded that the money a county tax assessor-collector receives on behalf of other taxing units is not subject to the county auditor's authority under section 112.001.   Attorney General Opinion JM-1263 (1990) at 4.

[7]Chapter 117 of the Local Government Code pertains only to a trust fund held by a county or district clerk.   Neither a county clerk nor a district clerk serves the justice of the peace.   See 36 DAVID B. BROOKS, COUNTY AND SPECIAL DISTRICT LAW §§ 22.29, .30, at 103-09 (Texas Practice 1989).

justice of the peace in a county with fewer than 190,000 residents from depositing restitution received under section 32.41(e) of the Penal Code into a separate account.[8]

We note that section 27.001 of the Government Code, which describes the bond a justice of the peace must give prior to taking office, premises the bond upon, in part, the justice-to-be promising promptly to pay "to the entitled party all money that comes into the justice's hands during the term of office." Additionally, the county auditor is authorized to oversee the books and records of the justice of the peace, including records documenting the justice's separate account into which he or she deposits restitution received under section 32.41(e) of the Penal Code. Local Gov't Code § 112.006; *see* Attorney General Opinion H-1185 (1978) at 1 (concluding that all money held by county officer in official capacity, even if money does not belong to county, is subject to audit by county auditor).

Finally, we caution that a justice of the peace who misapplies restitution received under section 32.41(e) of the Penal Code may be subject to a criminal action. For example, section 39.02(a)(2) of the Penal Code provides that a public servant commits a criminal offense if, "with intent to obtain a benefit or with intent to harm or defraud another," the public servant intentionally or knowingly "violates a law relating to the public servant's office."[9] Furthermore, a justice of the peace may be removed from office for official misconduct, *i.e.*, intentional, unlawful behavior relating to official duties. Tex. Const. art. V, § 24; Local Gov't Code §§ 87.011(3), .012(14), .013(2).

We next consider whether a justice of the peace must deposit the fines he or she collects directly into the county treasury, rather than initially depositing the fines into the separate checking account and subsequently depositing the fines into the county treasury. You do not indicate specifically the fines about which you are concerned, and you have not asked about the disposition of fees the justice of the peace may collect. We assume that you ask only about fines, that is, pecuniary penalties,[10] *see* BLACK'S LAW

---

[8]You do not ask, and we therefore do not consider, whether, under chapter 116 of the Local Government Code, the justice's account must be in the county depository.

[9]An offense under section 39.02(a)(1) of the Penal Code is a class A misdemeanor. Penal Code § 39.02(b).

[10]A justice of the peace has original jurisdiction in any criminal matter of misdemeanor level punishable by fine only. Tex. Const. art. V, § 19. Class C misdemeanors are punishable by fine only. *Compare* Penal Code § 12.23 (providing that individual convicted of class C misdemeanor shall be punished by fine not to exceed $500) *with id.* §§ 12.21 - .22 (providing punishment for class A and class B misdemeanors).

We located two statutes under which an individual who has passed a hot check may be convicted. Section 32.41 of the Penal Code provides that a person commits a class C misdemeanor, *see* Penal Code § 32.41(f), if the person

issues or passes a check or similar sight order for the payment of money knowing that the issuer does not have sufficient funds in or on deposit with the bank or

DICTIONARY 569 (5th ed. 1979), as opposed to fees, that is, fixed charges paid as recompense for services or reimbursement,[11] see id. at 553. We believe article 103.004 of the Code of Criminal Procedure, not article 112.001 or 113.022 of the Local Government Code, resolves your question.

Article 45.50 of the Code of Criminal Procedure states that, in a case in which a defendant is convicted of a criminal action before a justice of the peace, the justice of the peace must order the defendant to pay to the state the amount of the prescribed fine and costs. Additionally, section 112.052(a) of the Local Government Code provides that "a fine imposed or a judgment rendered by a justice of the peace shall be charged against that justice." The justice may discharge the indebtedness in one of three ways:[12]

> (1) filing with the county clerk the county treasurer's receipt for the amount of the indebtedness;

---

(footnote continued)

> other drawee for the payment in full of the check or order as well as all other checks or orders outstanding at the time of issuance.

Id. § 32.41(a). In addition, pursuant to section 31.03(a) of the Penal Code, a person commits an offense if the person "unlawfully appropriates property with intent to deprive the owner of property." Under section 31.04(a)(1), "[a] person commits theft of service if, with intent to avoid payment for service that" the person "knows is provided only for compensation," the person "intentionally or knowingly secures performance of the services by deception . . . or false token." Generally, under section 31.03 of the Penal Code a person commits a class C misdemeanor if the person obtains property valued at less than twenty dollars by passing a check when the person has insufficient funds in the bank to cover the check. Id. § 31.04(e)(1)(B); see Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 9, 1995 Tex. Sess. Laws 2734, 2737-38. Additionally under section 31.04, if a person obtains services valued at less than twenty dollars by passing a check for which the person has insufficient funds, the offense is a class C misdemeanor.

[11]Fees associated with dishonored checks include a fee for collecting and processing a sight order that the county attorney, district attorney, or criminal district attorney may collect under Code of Criminal Procedure article 102.007, see Attorney General Opinion MW-188 (1980) at 3 (recognizing that justice of peace, on behalf of district attorney, may collect fee for processing hot checks), and a processing fee that the holder of a dishonored check may collect pursuant to V.T.C.S. article 9022. As we have stated above, see supra note 1, article 102.0071 of the Code of Criminal Procedure authorizes a justice of the peace to collect from the defendant, in appropriate cases, and pay to the holder of a dishonored check the fee permitted by V.T.C.S. article 9022.

[12]The Seventy-fourth Legislature added to section 112.052 of the Local Government Code a new subsection, subsection (c), which excuses a justice of the peace from liability for a fine imposed or judgment rendered by the justice in either of two situations. See Act of May 12, 1995, 74th Leg., R.S., ch. 217, § 5, 1995 Tex. Sess. Law Serv. 1959, 1959-60. First, a justice is excused from liability if a public or private vendor collects the fine or judgment under Code of Criminal Procedure article 103.0031. Id. Second, a justice is excused from liability if the county auditor or county treasurer collects the fine or judgment in accordance with Local Government Code section 154.011. Id.

> (2) showing to the satisfaction of the commissioners court that the justice has used due diligence to collect the amount without avail; or
>
> (3) showing to the satisfaction of the commissioners court that the indebtedness has been satisfied by imprisonment or labor.

Local Gov't Code § 112.052(b).

This office previously has concluded that one of a justice of the peace's "mandatory duties" is "to exercise due diligence to collect fines assessed in his Court . . . ." Attorney General Opinion V-312 (1947) at 4. We also have concluded that a justice of the peace is liable for an uncollected judgment. *See* Attorney General Opinions MW-37 (1979) at 1, O-6740 (1945) at 6; *see also* Code Crim. Proc. arts. 45.51, .52.

Article 103.004(a) of the Code of Criminal Procedure requires a justice of the peace who collects fines under any provision "of this title" of the Code of Criminal Procedure immediately to pay the money to the county treasurer for the county for which the money was collected. Article 103.004 is part of title 2 of the Code of Criminal Procedure. Article 45.50, which requires a justice of the peace to order a convicted defendant to pay a fine, is found in title 1 of the Code of Criminal Procedure. We believe, however, that article 103.004 applies to the collection of fines pursuant to article 45.50.

In 1985 the legislature nonsubstantively revised and renumbered article 1006 of the Code of Criminal Procedure as article 103.004(a). *See* Act of May 17, 1985, 69th Leg., R.S., ch. 269, § 1, 1985 Tex. Gen. Laws 1300, 1300 caption, 1305. Article 1006 pertained to "all fines . . . collected *under any provision of this Code.*" (Emphasis added.) Because article 1006 applied to fines collected pursuant to article 45.50, article 103.004(a) also applies to fines a justice of the peace collects pursuant to article 45.50.

We therefore conclude, pursuant to article 103.004 of the Code of Criminal Procedure, that the justice of the peace immediately must deposit the fines with the county treasurer of the county for which the money was collected. *See* Attorney General Opinion M-65 (1967) at 3 (concluding that Harris County may not accept and retain fine assessed in felony case transferred from Harris County to Brazos County on change of venue). Article 103.004 of the Code of Criminal Procedure, by its requirement that the justice of the peace "immediately" deposit fines he or she has collected with the county treasurer, does not permit a justice of the peace to first deposit any fines he or she collects into a separate checking account and subsequently to deposit the funds into the county treasury.

Chapter 103 of the Code of Criminal Procedure does not provide a penalty for violations of article 103.004. *Cf.* Code Crim. Proc. art. 103.012 (providing penalty for violation of Code of Criminal Procedure article 103.010 or 103.011). Of course, a justice of the peace who intentionally or knowingly violates the law in his or her official capacity and who intends, by his or her conduct, to obtain a benefit or to harm another may be prosecuted for official misconduct under section 39.02(a) of the Penal Code.

Furthermore, a justice of the peace may be removed from office for official misconduct. Local Gov't Code §§ 87.012(14), .013(a)(2); *see also id.* § 21.002(2) (defining "official misconduct" for purposes of removal of mayor or alderman in general-law municipality); Code Crim. Proc. art. 3.04(1) (defining "official misconduct" for purposes of Code of Criminal Procedure). In addition, article V, section 1-a(6) of the Texas Constitution authorizes the State Commission on Judicial Conduct to remove from office or discipline a justice of the peace for, among other things, "incompetence in performing the duties of the office, . . . , or willful or persistent conduct that is clearly inconsistent with the proper performance of his duties or casts public discredit upon the judiciary or administration of justice."

## S U M M A R Y

The enactment and amendment of section 32.41(e) of the Penal Code overrule the conclusion this office reached in Attorney General Opinion MW-222 (1980). Pursuant to section 32.41(e), the issuer of a dishonored check may pay restitution "through the court," provided the court in which the offense is filed approves. Of course, the county auditor is authorized to oversee the books and records of the justice of the peace, including records documenting the justice's separate account into which he or she deposits restitution received under section 32.41(e) of the Penal Code. Additionally, a justice of the peace who misapplies restitution received under section 32.41(e) of the Penal Code may be subject to a criminal action, *e.g.*, under Penal Code section 39.02(a)(2), or removed from office for official misconduct.

Sections 113.021 and 113.022 of the Local Government Code do not apply to a justice of the peace who receives restitution on behalf of a dishonored check holder pursuant to section 32.41(e) of the Penal Code. Furthermore, section 112.001 does not authorize a county auditor of a county with a population less than 190,000 to regulate the "collecting, checking, and accounting" of restitution a justice of the peace receives under section 32.41(e) of the Penal Code. Accordingly, nothing prohibits a justice of the peace in a county with fewer than 190,000 residents from depositing restitution received under section 32.41(e) of the Penal Code into a separate account.

Article 103.004 of the Code of Criminal Procedure, which requires the justice of the peace "immediately" to deposit with the county treasurer fines he or she collects, does not permit a justice of the peace first to deposit fines into a separate checking account and subsequently to deposit the funds into the county treasury. A justice of the peace who violates article 103.004 may be prosecuted for

abuse of official capacity under section 39.02(a) of the Penal Code; the justice of the peace also may be removed from office under section 87.013(a)(2) of the Local Government Code or under article V, section 1-a(6) of the Texas Constitution.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General