OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


June 3, 1999

The Honorable Michael P. Fleming
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. JC-0062

Re: Whether interest on a prosecutor's hot-check fund may be severed from the principal and accrue to the county's general fund  (RQ-1054)

Dear Mr. Fleming:

You ask whether the interest earned on a prosecutor's hot-check fund, established under article 102.007(f) of the Code of Criminal Procedure, may be severed from the hot-check fund and added to the county's general revenue fund. Because section 113.021(c) of the Local Government Code severs the interest from statutory special funds belonging to the county, we conclude that interest on a prosecutor's hot-check fund must be severed and applied to the benefit of the county as a whole. We thus concur with Attorney General Opinion JM-632 (1987).

A prosecutor may establish a hot-check fund in accordance with article 102.007 of the Code of Criminal Procedure. Under article 102.007(a), a prosecutor may impose a fee for collecting and processing a bad check. *See also* TEX. BUS. & COM. CODE ANN. § 3.108(a) (Vernon Supp. 1999) (defining order "payable on demand"); TEX. CODE CRIM. PROC. ANN. art. 102.007(c) (Vernon Supp. 1999) (setting maximum fee). The prosecutor must deposit the fees into a special fund, the "hot-check fund," in the county treasury:

> Fees collected under Subsection (c) of this article shall be deposited in the county treasury in a special fund to be administered by the county attorney, district attorney, or criminal district attorney. Expenditures from this fund shall be at the sole discretion of the attorney and may be used only to defray the salaries and expenses of the prosecutor's office, but in no event may the county attorney, district attorney, or criminal district attorney supplement his or her own salary from this fund.

*Id.* art. 102.007(f). Article 102.007 does not instruct the county treasurer how to handle interest that accrues on a hot-check fund.

Under the common law, interest follows principal, or, more picturesquely, "'[I]nterest shall follow the principal, as the shadow the body.'" *Phillips v. Washington Legal Found.*, 118 S. Ct. 1925, 1930 (1998) (quoting *Beckford v. Tobin*, 1 Ves. Sen. 308, 310, 27 Eng. Rep. 1049, 1051 (Ch. 1749)). Texas courts follow this rule. *See Sellers v. Harris County*, 483 S.W.2d 242, 243 (Tex.

1972); *Lawson v. Baker*, 220 S.W. 260, 272 (Tex. Civ. App.–Austin 1920, writ ref'd); *accord Phillips*, 118 S. Ct. at 1930-31. As the Texas Supreme Court has stated, "Interest . . . is an increment that accrues" to the principal fund earning it, and, unless lawfully separated from the principal, becomes a part of the principal. *Sellers*, 483 S.W.2d at 243; *accord Lawson*, 220 S.W. at 272.

Interest on a fund created by statute, however, may be severed by means of a statute expressly overruling the common law. The legislature may overrule the common law if it does so expressly. *See Sellers*, 483 S.W.2d at 243. With respect to a special fund, legislation overruling the common law must be of equal dignity to the law creating the fund. Thus, interest earned on a constitutionally dedicated public fund may be severed only by constitutional amendment, while interest earned on a statutorily dedicated public fund may be severed by statutory amendment. *See Lawson*, 220 S.W. at 272-73; Tex. Att'y Gen. Op. No. JM-539 (1986) at 3.

With respect to a fund created by statute and belonging to the county, section 113.021(c) of the Local Government Code expressly overrules the common-law rule that interest follows the principal. Under that section, any interest that accrues on a special fund belonging to the county "is for the benefit of the county in accordance with other law." TEX. LOC. GOV'T CODE ANN. § 113.021(c) (Vernon 1988). While section 113.021(c) does not expressly limit its application to the interest accruing on funds created by statute, the law must be construed to be so limited. The legislature may not attempt to sever the interest on a constitutionally created special fund by means of a statute. *See Lawson*, 220 S.W. at 272-73; Tex. Att'y Gen. Op. No. JM-539 (1986) at 3.

Consequently, the interest on a hot-check fund must be severed from the hot-check fund and accrue to the county's benefit if the hot-check fund is "money belonging to the county" for purposes of section 113.021(a). *See* TEX. LOC. GOV'T CODE ANN. § 113.021(c) (Vernon 1988) (ordering severance of interest). As we have said in previous opinions, expenditures from the hot-check fund are solely within the prosecutor's discretion and wholly outside the county commissioners court's budgeting process. *See* Tex. Att'y Gen. Op. Nos. DM-357 (1995) at 6; MW-439 (1982) at 6; Tex. Att'y Gen. LO-96-075, at 2; LO-96-074, at 4. But this fact is of little relevance to determining whether the hot-check fund belongs to the county or belongs to some other entity for the purpose of ascertaining the disposition of interest on the fund.

We conclude the hot-check fund is money belonging to the county. The legislative history of the phrase "money belonging to a county" indicates that it is meant to distinguish public money benefitting some aspect of county government from money belonging to or meant to benefit another (noncounty) public entity or a private individual or entity. *Cf.* Tex. Att'y Gen. Op. No. DM-396 (1996) at 4 (stating that restitution justice of peace receives under Penal Code section 32.41(e) does not belong to county, but rather to holder of dishonored check). In 1933 the legislature authorized the county auditor in counties with populations of 190,000 or more to "adopt and enforce . . . regulations . . . essential to the speedy and proper collection and checking of, and accounting for, the revenues and other funds and fees belonging to the county or to any person, firm, or corporation for whom [a county] officer may have made collections, or for whose use or benefit [the officer] may have received or may hold such funds." *See* Act approved Apr. 29, 1933, 43d Leg.,

R.S., ch. 98, sec. 1, art. 1656a, 1933 Tex. Gen. Laws 217, 217-18. Thus, the law distinguished between money belonging to the county and money belonging to a private entity and did not contemplate an alternative owner. Additionally, the county treasurer is custodian of all money belonging to the county. *See* TEX. LOC. GOV'T CODE ANN. §§ 113.001, .003 (Vernon 1988). The hot-check fund is a special fund in the county treasury. *See* TEX. CODE CRIM. PROC. ANN. art. 102.007(f) (Vernon Supp. 1999) (designating hot-check fund "special fund" in county treasury).

In answer to your question, the interest on the hot-check fund accrues not to the hot-check fund but to the benefit of the county. The county's general fund is a permissible beneficiary, but we need not consider here whether it is the sole permissible beneficiary. This conclusion accords with a prior opinion of this office, Attorney General Opinion JM-632, which determines that interest earned on a hot-check fund must be severed from the principal and deposited in the county's general revenue fund. *See* Tex. Att'y Gen. Op. No. JM-632 (1987) at 1; *see also* TEX. CODE CRIM. PROC. ANN. art. 102.007 (Vernon Supp. 1999) (Fee for Collecting and Processing Sight Order); Act of May 24, 1991, 72d Leg., R.S., ch. 396, § 2, 1991 Tex. Gen. Laws 1508, 1509 (renumbering Code of Criminal Procedure article 102.007(e) as article 102.007(f)); Act of May 17, 1985, 69th Leg., R.S., ch. 269, sec. 1, § 102.007(e), 1985 Tex. Gen. Laws 1300, 1303 (renumbering Code of Criminal Procedure article 53.08(e) as article 102.007(e)).

Although we reach the same conclusion this office reached in Attorney General Opinion JM-632, that opinion does not make clear that a statute explicitly authorizes the severance of interest from the principal of a hot-check fund. The opinion cites, in passing, the statutory predecessor of Local Government Code section 113.021(c), Texas Revised Civil Statutes article 1709a, but the opinion does not rely on article 1709a in reaching its conclusion. *See* Tex. Att'y Gen. Op. No. JM-632 (1987) at 1, 3. Rather, the opinion reasons that the hot-check fund is a statutory fund, not a trust fund, and that, consequently, interest on the fund need not follow the principal. *See id.* at 2-3. The opinion then states that the legislature has adopted a statute requiring that interest on such "statutory funds" be credited "to the general revenue funds of the respective counties," but the opinion cites article 1709 of the Revised Civil Statutes instead of article 1709a. *See id.* at 3. Article 1709 at that time required that "all moneys belonging to the county" be turned over to the county treasurer; required the county treasurer to "keep and account" for all county money in a designated depository; and required the county treasurer to disburse county money as the county commissioners court directed. *See* Act of May 21, 1971, 62d Leg., R.S., ch. 467, § 1, 1971 Tex. Gen. Laws 1654 (current version at TEX. LOC. GOV'T CODE ANN. §§ 83.006, 113.001, .003, .041 (Vernon 1988 & Supp. 1999)).

In our opinion, the critical issue in determining whether interest may be severed from the principal of a fund created by statute under section 113.021 of the Local Government Code depends not upon whether the fund is held in trust, but whether the fund belongs to the county. While the indicia of a trust, listed in Attorney General Opinion JM-632, may be helpful in determining whether the fund belongs to the county, they may not resolve the issue. *See* Tex. Att'y Gen. Op. No. JM-632 (1987) at 2 (listing, as indicia of a trust fund, (1) that funds are administered by trustee; (2) that funds are not granted to county in its sovereign capacity nor collected for county's general operation; and

(3) that funds are to be spent and invested for specific, limited purposes and to benefit specific group of individuals). The legislature may decide to sever the interest from the corpus of even a statutory "trust," or special fund, held for a public entity, if it does so expressly. *See Lawson*, 220 S.W. at 272-73. To the extent the reasoning of Attorney General Opinion JM-632 is inconsistent with this opinion, it is modified.

## S U M M A R Y

In accordance with Local Government Code section 113.021(c), interest that accrues on the principal of a prosecutor's hot-check fund, a statutory fund established under article 102.007(f) of the Code of Criminal Procedure, must be severed from the principal. The interest accrues instead "for the benefit of the county." Attorney General Opinion JM-632 (1987) is modified to the extent its reasoning is inconsistent with this opinion.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General