

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 27, 2016

The Honorable Lori J. Kaspar
Hood County Attorney
1200 West Pearl Street
Grandbury, Texas 76048

Opinion No. KP-0092

Re: Ownership of interest earned on county taxes held by the appraisal district (RQ-0080-KP)

Dear Ms. Kaspar:

You ask three questions "concerning interest earned by the appraisal district on county tax money and the liability of the tax assessor-collector for that money."[1] You tell us that "Hood County has contracted with the local appraisal district to collect property taxes since 1985" pursuant to Tax Code section 6.24. Request Letter at 1. That provision allows a commissioners court, with the approval of the county tax assessor-collector, to "contract as provided by the Interlocal Cooperation Act with the . . . appraisal district for . . . the district to perform duties relating to the assessment or collection of taxes for the county." TEX. TAX CODE § 6.24(b); *see also* TEX. GOV'T CODE §§ 791.001–.036 (Interlocal Cooperation Act). You explain that "[u]nder the terms of the current contract, the appraisal district deposits the taxes with the county at least two times per month." Request Letter at 1. You also state that "[b]etween deposits, the appraisal district holds the taxes in an interest-bearing account" and that "[t]he appraisal district keeps the interest earned on the taxes." *Id.* You tell us, however, that the contract does not address ownership of the interest. Brief at 1. You explain that the county "can find no laws dictating the distribution of interest earned on county tax money." Request Letter at 1. With that background, you ask the following questions:

> (1) Does the interest earned on county taxes held by the appraisal district belong to the county, the tax assessor-collector, or the appraisal district?
>
> (2) If the interest money belongs to either the county or the county tax assessor-collector, must the appraisal district account for and remit all of the past interest it has collected on county taxes?
>
> (3) When a county contracts with an appraisal district to collect its taxes and the appraisal district holds those taxes for a period of time before depositing the funds with the county, is the tax

---

[1]*See* Letter and attached Brief from Honorable Lori J. Kaspar, Hood Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 25, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "Brief," respectively).

> assessor-collector personally liable for funds being held by the
> appraisal district?

*Id.*

Taxes collected on behalf of the county by the tax assessor-collector are normally deposited in the county depository. *See* TEX. LOC. GOV'T CODE § 116.113(b) (directing the assessor-collector to "immediately deposit" collected taxes in the county depository); TEX. TAX CODE § 31.10(c) (providing generally that the collector for a taxing unit shall deposit collected taxes into the unit's depository "at least monthly"). With regard to funds belonging to a county that are placed in the county depository, generally "[t]he interest accruing on the money in the fund is for the benefit of the county." TEX. LOC. GOV'T CODE § 113.021(c). The fact that the appraisal district is collecting the taxes on behalf of the tax assessor-collector, raising the possibility that collected taxes may temporarily reside elsewhere pending deposit in the county depository, does not change the character of the interest as belonging to the county. This comports with the general rule under common law that interest follows principal. *See Sellers v. Harris Cty.*, 483 S.W.2d 242, 243 (Tex. 1972) (stating that "interest . . . is an increment that accrues" to the principal fund earning it); *City of Pearland v. Reliant Energy Entex*, 62 S.W.3d 253, 256 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("It is well settled in Texas that interest follows principal." (internal quotation marks omitted)). Thus, the interest on county taxes collected by the appraisal district belongs to the county and, as such, must generally be remitted to the county.

Yet, the remittance of the past interest collected on county taxes may depend on how the parties have articulated their respective responsibilities in the interlocal contract.[2] *See* TEX. GOV'T CODE § 791.011(d)(2) (stating that "[a]n interlocal contract must . . . state the purpose, terms, rights, and duties of the contracting parties"). For example, in an interlocal contract, payments for services or functions rendered must come from current revenues and "must be in an amount that fairly compensates the performing party." *Id.* § 791.011(d)(3), (e); *see also* Tex. Att'y Gen. Op. No. GA-0030 (2003) at 2 ("When an appraisal district assesses or collects taxes for a taxing unit, it will be fully compensated under the contract by the taxing unit for which it performs the work."). This office has previously concluded that such an arrangement between a taxing unit and an appraisal district for the collection of taxes may, if clearly expressed, include certain fees to which the taxing unit would otherwise be entitled as part of the appraisal district's compensation. Tex. Att'y Gen. LO-97-041, at 3–4. Similarly, a commissioners court would have discretion to designate the interest on the collected taxes as part or all of the compensation to be paid to the appraisal district for its performance under the interlocal contract. *See* TEX. GOV'T CODE § 791.011(d)(1) (an interlocal contract "must . . . be authorized by the governing body of each party to the contract"). Thus, the accounting and remittance of funds belonging to the county from a particular tax year would depend at least in part on the terms of any interlocal contract then in place.

---

[2] Written reports accounting for all taxes collected by the collector of taxes for a taxing unit are generally submitted to the governing body on a monthly and annual basis. *See* TEX. TAX CODE § 31.10 (a)–(b).

You assert that the tax assessor-collector remains personally liable for any funds held by the appraisal district until they are deposited in the county treasury. Brief at 7–8. Under the Tax Code, a tax assessor-collector "is not personally liable for the loss of public funds in the custody of the assessor-collector or the assessor-collector's office" if there is a declaratory judgment that the loss was due to something other than the assessor-collector's negligence or misconduct. TEX. TAX CODE § 6.275. But the law applies to funds "in the custody of" the tax assessor-collector's office, which is not where the funds are held when assessment and collection duties are transferred to the appraisal district pursuant to subsection 6.24(b). *Id.*; *see also id.* § 6.24(b). The Local Government Code provides that once "funds collected from taxes" are deposited in the county depository, a county tax assessor-collector and any surety on his or her bond are "relieved of responsibility" for the funds' safekeeping. TEX. LOC. GOV'T CODE § 113.006. But here, the controversy is not about the "funds collected from taxes"; it is about the interest earned on those taxes, which is a separate item of money.

This office has previously declined to speculate on whether a tax assessor-collector whose functions had been transferred to an appraisal district under section 6.24(b) could be held personally liable for the loss of public funds if the appraisal district was negligent or engaged in misconduct. *See* Tex. Att'y Gen. LO-92-22, at 2 ("Whether the tax assessor could ever be held liable for actions of the appraisal district could depend on the factual circumstances of the particular events which give rise to potential liability and possibly on the terms of the contract as well."). Likewise here, the personal liability of the tax assessor-collector for funds held in the custody of the appraisal district is ultimately a question of fact, dependent on various factors that cannot be ascertained in the opinion process of this office. *See* Tex. Att'y Gen. Op. No. KP-0020 (2015) at 2. Thus, we refrain from answering your last question.

## S U M M A R Y

Interest earned on county taxes collected by an appraisal district pursuant to a contract under subsection 6.24(b) of the Tax Code belongs to the county and, as such, must generally be remitted to the county.

The accounting and remittance of funds belonging to the county from a particular tax year would depend at least in part on the terms of any contract entered into pursuant to subsection 6.24(b) then in place.

The personal liability of the tax assessor-collector for funds held in the custody of the appraisal district is ultimately a question of fact, dependent on various factors that cannot be ascertained in the opinion process of this office.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee