

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

November 13, 2017

The Honorable Gene Stump
Franklin County Attorney
200 North Kaufman Street
Mount Vernon, Texas 75457

Opinion No. KP-0174

Re: County authority related to a court's registry account (RQ-0167-KP)

Dear Mr. Stump:

You ask about county authority over a court's registry account.[1] You state that Franklin County has a population of less than 190,000 and has a county auditor. Request Letter at 1. You inform us that the county commissioners court granted the county treasurer "view-only" access to all accounts having the county's employer identification number and appointed the auditor as the county's "online bank account access administrator" for all county accounts at the county's depository bank.[2] You are primarily concerned about the treasurer's and the commissioners court's respective authority concerning the court registry accounts for the county. *See* Request Letter at 1.

You first ask whether the county treasurer has "administrative authority [over] a court's registry account, including permanent online view-only access rights." *Id.* The county treasurer is the chief custodian of county funds, who "shall keep in a designated depository and shall account for all money *belonging to the county*." TEX. LOC. GOV'T CODE § 113.001 (emphasis added); *see also id.* § 116.113(a) (requiring the treasurer to deposit all of the county's funds in the county depository). Chapter 116 of the Local Government Code governs the treasurer's duties with respect to the general depository for county funds. *Id.* §§ 116.001–.060. However, funds paid into the registry of the court do not belong to the county. *See Sellers v. Harris Cty.*, 483 S.W.2d 242, 243 (Tex. 1972) (stating that funds paid into the court registry "are not owned by the county but are only held in trust"). Court registry funds and certain other funds the county holds in trust must be deposited in an account separate from the county general depository account. *See* Tex. Att'y Gen. Op. No. JC-0195 (2000) at 4–5 (distinguishing between the county general depository account under chapter 116 and the county trust depository account under chapter 117).[3]

---

[1]*See* Letter from Honorable Gene Stump, Franklin Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (June 23, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

[2]*See id.* and attached minutes of the Franklin County Commissoners Court's meetings on May 22, 2017, and June 5, 2017.

[3]Your question concerns a county with a population of less than 190,000, and we limit our opinion accordingly. Within chapter 117, some provisions do not apply to a county with a population of less than 190,000. *See* TEX. LOC. GOV'T CODE §§ 117.058 (accounting and disbursing provisions for counties with a population of 190,000 or more); 117.111–.126 (provisions applicable in a county with a population of 1.3 million or more).

When funds are tendered to the registry of the court, the district or county clerk must deposit the funds in a special account of the depository bank called the "registry fund." TEX. LOC. GOV'T CODE §§ 117.001(3), (5), .052. The commissioners court selects and designates the depository bank for the registry fund. *Id.* §§ 117.023, .025. The account must be held in the name of the county or district clerk. *Id.* § 117.021(a), .052(b). The district or county court clerk has the responsibility to deposit court registry funds paid from the following sources:

(1) funds of minors or incapacitated persons;

(2) funds tendered in an interpleader action;

(3) funds paid in satisfaction of a judgment;

(4) child support funds held for more than three days;

(5) cash bonds;

(6) cash bail bonds;

(7) funds in an eminent domain proceeding; and

(8) any other funds tendered to the clerk for deposit into the registry of the court.

*Id.* § 117.052(c). The county or district clerk must keep registry funds secure until the clerk deposits them in the court registry depository. *Id.* § 117.081(b). Once the registry funds have been deposited, the county or district clerk acts in a custodial capacity only. *Id.* § 117.0521. Except as a statute may otherwise provide, the clerk may make payments out of the account only pursuant to court order. *Id.* § 117.053(b); *see also* Tex. Att'y Gen. Op. No. JM-1162 1990) at 3 (stating that "the first duty of the clerk is to follow the instructions of the court that directed him to hold the funds"). While chapter 117 of the Local Government Code assigns these duties to the county or district clerk, it assigns no duties or powers to the county treasurer. Therefore, the treasurer does not possess administrative authority over a court registry account.

You next ask whether the county commissioners court has "authority over a court's registry account, apart from selection of the depository." Request Letter at 1. A commissioners court has only those powers expressly conferred by the constitution or statute or necessarily implied therefrom. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003). Chapter 117 authorizes the commissioners court to select, designate, and contract with the depository bank for the special account for court registry funds. TEX. LOC. GOV'T CODE §§ 117.021(a)–(b), .023, .025. Also, the commissioners court may require a depository to execute a new bond "for the protection of the county clerk's and the district clerk's registry funds." *Id.* § 117.057(a). Chapter 117 does not assign the commissioners court any other duties or powers with respect to the court registry depository. Accordingly, a commissioners court does not possess authority over a court's registry account except as necessary to fulfill these express statutory duties under chapter 117.

Finally, you ask whether the county may use the county's employer identification number for a court registry account, or whether the court registry account must obtain its own number. Request Letter at 1. An employer identification number, also known as a Federal Tax Identification Number or Taxpayer Identification Number, is a number provided by the Internal Revenue Service ("IRS") for administering tax laws and certain other purposes. *See* 26 C.F.R. § 301.6109-1. No Texas statute regulates the use of tax identification numbers for depository accounts. Because the use of a tax identification number for particular purposes is ultimately an issue for the IRS, your question is more appropriately directed to that agency rather than this office. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0130 (2003) at 4 (declining to answer a city's question about compliance with Internal Revenue Code), JC-0482 (2002) at 7 (suggesting that the requestor direct a question about tax deductibility to the IRS); JM-1263 (1990) at 2 (not resolving whether the tax assessor-collector was entitled to obtain a separate employer identification number because "[t]hat is a matter within the jurisdiction of the Internal Revenue Service").[4]

---

[4]IRS assistance with local government issues can be accessed at https://www.irs.gov/government-entities/federal-state-local-governments/fslg-customer-services (last visited Oct. 24, 2017).

## **S U M M A R Y**

A county treasurer does not have administrative authority over a court's registry account. A county commissioners court has only the authority necessary to perform its duties to select, designate, and contract with a depository bank for court registry accounts and to require adequate security for the accounts.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee