August 23, 2010

The Honorable Richard P. Bianchi
Aransas County Attorney
301 North Live Oak Street
Rockport, Texas 78382

Opinion No. GA-0791

Re: Use and management of a county jail commissary fund under Local Government Code section 351.0415 (RQ-0841-GA)

Dear Mr. Bianchi:

You request an opinion about the use and management of funds generated by the operation of the Aransas County jail commissary (the "commissary").[1] Local Government Code section 351.0415 authorizes a sheriff or the sheriff's designee to operate a commissary for the use of inmates in the county jail. *See* TEX. LOC. GOV'T CODE ANN. § 351.0415(a) (Vernon 2005); 37 TEX. ADMIN. CODE § 291.3 (2010) (Tex. Comm. on Jail Standards, Inmate Commissary Plan). The sheriff or his designee "has exclusive control of the commissary funds" and must maintain accounts "showing the amount of proceeds from the commissary operation and the amount and purpose of disbursements made from the proceeds." TEX. LOC. GOV'T CODE ANN. § 351.0415(b)(1)–(2) (Vernon 2005). Commissary proceeds may be used only for the purposes set out in subsection 351.0415(c), which include the costs of operating the commissary and various programs to benefit inmates. *See id.* § 351.0415(c).

You state that funds generated from the Aransas County jail commissary have been deposited with the county treasurer in reliance on Local Government Code section 113.021, and the interest on the commissary fund account has been deposited into the county general fund since approximately February of 2008. Request Letter at 1. Section 113.021 reads in part:

> (a) The fees, commissions, funds, and other money belonging to a county shall be deposited with the county treasurer by the officer who collects the money. . . .

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov). The commissary funds you inquire about are the proceeds generated by the operation of the jail commissary, not the inmate's personal funds taken from him upon admission, earned while in jail, or received from others and placed in an account for the inmate's use. *See* Tex. Att'y Gen. Op. No. GA-0534 (2007) at 1–2 (describing inmate's account).

> (b)   The county treasurer shall deposit the money in the county depository in a special fund to the credit of the officer who collected the money. . . .

> (c)   The interest accruing on the money in the special fund is for the benefit of the county in accordance with other law.

TEX. LOC. GOV'T CODE ANN. § 113.021 (Vernon 2008).

You suggest that there is a conflict between the requirements of section 113.021 and the sheriff's "exclusive control of the commissary funds" under section 351.0415. Request Letter at 1–2. You wish to know whether the proceeds of the commissary operation are "funds belonging to the county" within Local Government Code section 113.021. *Id.*

Not all funds held by a county officer in his or her official capacity are funds "belong[ing] to the county." *See* Tex. Att'y Gen. Op. Nos. GA-0704 (2009) at 1–2 (stating that Local Government Code section 115.901(a) authorizes the county auditor to examine the accounts of county officers, whether or not they relate to money belonging to the county); JM–1263 (1990) at 2–3 n.2 (stating that Local Government Code section 112.001 does not authorize a county auditor to adopt regulations with respect to funds and fees that do not belong to the county). We consider whether the commissary fund is a fund "belonging to a county" within the meaning of section 113.021. TEX. LOC. GOV'T CODE ANN. § 113.021 (Vernon 2008).

First, pursuant to the express terms of section 351.0415(c), the commissary fund must be used to benefit inmates of the county jail. *See id.* § 351.0415(c) (Vernon 2005);[2] *see also* Tex. Att'y Gen. Op. No. MW-143 (1980) at 2 (stating that all profits from operating a jail commissary must be spent for the "benefit, education, and welfare" of jail inmates). Thus, the proceeds from operating the commissary are funds held by the sheriff for the benefit of a specific group of persons.

Second, the sheriff or his designee "shall maintain commissary accounts showing the amount of proceeds from the commissary operation and the amount and purpose of disbursements made from the proceeds." TEX. LOC. GOV'T CODE ANN. § 351.0415(b)(2) (Vernon 2005); *see also Mills v. State*, 941 S.W.2d 204, 206 (Tex. App.—Corpus Christi 1996, pet. ref'd) (stating that the county auditor met with the sheriff to explain accounting procedures and record keeping for the proposed jail commissary). In contrast, the county auditor ordinarily maintains "an account for each county, district, or state officer authorized or required by law to receive or collect money . . . that is intended for the use of the county or that belongs to the county." TEX. LOC. GOV'T CODE ANN. § 112.005(a)

---

[2]Commissary proceeds may be used only for an educational or recreational program and religious or rehabilitative counseling; clothing, writing materials, and hygiene supplies for inmates; an educational and a law library for use of inmates; funding physical plant improvements, technology, equipment, programs, services, and activities that provide for the well-being, health, safety, and security of the inmates and the facility; and the expenses of operating the commissary. TEX. LOC. GOV'T CODE ANN. § 351.0415(c) (Vernon 2005). "A commissioners court may not use commissary proceeds to fund the budgetary operating expenses of a county jail." *Id.* § 351.0415(g).

(Vernon 2008);[3] *see also id.* § 112.002 (authorizing the county auditor to regulate collection and accounting of funds that belong to the county). The sheriff is thus authorized to maintain commissary accounts, just as a justice of the peace is authorized to place restitution on a hot check in a separate bank account not subject to the county auditor's regulation, because the restitution does not belong to the county but to the holder of the dishonored check. *See* Tex. Att'y Gen. Op. No. DM-396 (1996) at 4.

Third, section 351.0415 expressly grants the sheriff or his designee "exclusive control" of the commissary funds. TEX. LOC. GOV'T CODE ANN. § 351.0415(b)(1) (Vernon 2005). We give the term "exclusive control" its plain meeting. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005). The term "exclusive" has been defined as "vested in one person alone." *See Kinnard v. Circle K Stores, Inc.*, 966 S.W.2d 613, 617 (Tex. App.—San Antonio 1998, no pet.). This office has defined "control" for purposes of Local Government Code section 351.0415 as "the function or power of directing and regulating; domination, command, sway." Tex. Att'y Gen. Op. No. JC-0122 (1999) at 4. Thus, the authority to direct and regulate the commissary fund is vested solely in the sheriff, subject to the limits found in section 351.0415. *See* TEX. LOC. GOV'T CODE ANN. § 351.0415(b)(1) (Vernon 2005); *see also Mills*, 941 S.W.2d at 208 (stating that commissary proceeds are "maintained by the Sheriff's Department").

This office determined in Attorney General Opinion JC-0122 that purchases from jail-commissary proceeds are not subject to the competitive procurement requirements in the County Purchasing Act, Local Government Code chapter 262, subchapter C (the "Act"). *See* Tex. Att'y Gen. Op. No. JC-0122 (1999) at 4. The opinion, noting that the Act applied only to purchases by the commissioners court, concluded that the sheriff's "exclusive control" of the commissary funds meant that his or her purchases from jail commissary proceeds were not subject to the Act. *See id.* (citing Texas Local Government Code section 351.0415). In reaching its conclusion, Attorney General Opinion JC-0122 stated that the fund created by Local Government Code section 351.0415 appeared "to be outside of 'county funds' for some or all purposes." *Id.* at 3; *see* Tex. Att'y Gen. Op. Nos. GA-0364 (2005) at 6 (constable may retain a fee for delivering a notice to vacate premises); DM-396 (1996) at 3 (restitution on a dishonored check made to a justice of the peace belongs to the holder of the dishonored check and does not belong to the county); *see also* Tex. Att'y Gen. Op. No. JC-0062 (1999) at 2 (fees collected by a prosecutor for processing "hot checks" are "money belonging to the county" within Local Government Code section 113.021(c)). In our opinion, the sheriff's "exclusive control" of the commissary fund also means that the sheriff retains custody of the fund instead of having to deposit it with the county treasurer pursuant to section 113.021(a).

---

[3]The county auditor must examine the commissary accounts at least annually if the sheriff supervises the jail. *See* TEX. LOC. GOV'T CODE ANN. § 351.0415(d) (Vernon 2005). A private vendor operating a detention facility must have the commissary accounts examined by an independent auditor at least annually. *See id.* § 351.0415(e); *see also* Tex. Att'y Gen. Op. No. GA-0704 (2009) at 1–2 (concluding that Local Government Code section 115.901(a) requires the auditor to examine all accounts held by the sheriff in his official capacity, not merely county records held by the sheriff).

You also ask whether the interest accruing on the commissary fund belongs to the county or to the commissary fund. Request Letter at 1. Texas courts follow the common-law rule that interest follows principal. *See Phillips v. Washington Legal Found.*, 524 U.S. 156, 165–66 (1998); *Sellers v. Harris County*, 483 S.W.2d 242, 243 (Tex. 1972); *Lawson v. Baker*, 220 S.W. 260, 272 (Tex. Civ. App.—Austin 1920, writ ref'd). As the Texas Supreme Court has stated, "[i]nterest . . . is an increment that accrues" to the principal fund earning it and, unless lawfully separated from the principal, becomes part of the principal. *Sellers*, 483 S.W.2d at 243. Section 113.021(c), in providing that the interest on "money belonging to a county" will be "for the benefit of the county," separates interest from the principal of money that belongs to the county. *See* TEX. LOC. GOV'T CODE ANN. § 113.021(a), (c) (Vernon 2008). Because we have concluded that commissary proceeds are not funds "belonging to a county" under section 113.021(a), any interest earned on these proceeds would not be severed from principal pursuant to section 113.021(c) and would instead remain part of the commissary fund. Accordingly, interest on the commissary fund remains with the fund.

## S U M M A R Y

Local Government Code section 351.0415 grants the sheriff exclusive control of funds generated by the operation of a jail commissary, requires the sheriff to maintain commissary accounts, and provides that commissary proceeds may be used only to benefit inmates of the county jail. Commissary proceeds are not funds "belonging to the county" under Local Government Code section 113.021(a).

Texas courts follow the common-law rule that interest follows principal unless lawfully separated from the principal. Section 113.021 separates interest from funds "belonging to the county" and allocates it to the county general fund. Because the commissary fund is not a fund "belonging to the county," interest remains with the commissary fund.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee